AMERICAN WATCHMAN'S TIME–DETECTOR CO. v. AMERICAN EXCH. NAT. BANK.

(Supreme Court, Appellate Term.   February 25, 1901.)

CONFLICTING EVIDENCE—REVIEW.
    A judgment on conflicting evidence will not be reversed.

Appeal from municipal court, borough of Manhattan, First district.

Action by American Watchman's Time-Detector Company against American Exchange National Bank. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

W. L. Bunnell, for appellant.
Cardoza & Nathan, for respondent.

ANDREWS, P. J.   This is an appeal by the plaintiff from a judgment for the defendant in an action in the municipal court. The action was brought by the plaintiff to recover $297 for the alleged loss of profits on an alleged oral contract by which the plaintiff claimed he was to furnish and place in the defendant's new bank building what is known as a "Watchman's Time Clock," with connections. The main question involved was whether such a contract was made between the plaintiff and the defendant, and the municipal court decided, upon conflicting evidence, that no such contract was ever made.

I am of the opinion that the decision of the municipal court was correct, and that the judgment should be affirmed. All concur.

---

(34 Misc. Rep. 225.)

In re CITY OF MT. VERNON.

(Supreme Court, Special Term, Kings County.   March, 1901.)

1. MUNICIPAL CORPORATIONS—IMPROVEMENTS—COUNCIL—UNANIMOUS VOTE.
    Under Laws 1892, c. 182, § 170, providing that the common council, by unanimous vote of all its members, may authorize street improvements without petition or notice, the unanimous vote of eight of the ten members of a common council, the other two being absent, was not sufficient.

**2. SAME—COMMISSIONERS—APPOINTMENT—VALIDITY—JURISDICTION.**

Laws 1892, c. 182, § 170, provides that the common council, by unanimous vote of all its members, may allow street improvements without notice. It further provides that application shall be made to the supreme court for appointment of commissioners, and a hearing had thereon on notice to all persons interested, and that the court shall then appoint commissioners. An application for the appointment of commissioners showing that the council had unanimously voted in favor of certain street improvements was presented, and the court appointed commissioners. *Held,* that the appointment was valid, though two members of the council were absent when the vote was taken, since the court's jurisdiction depended on the evidence presented to it, and not on its truth as a matter of fact.

**3. SAME—REPORT—CONFIRMATION.**

The confirmation of the report of commissioners for street improvements by the supreme court after hearing and notice to all persons thereby affected, as required by Laws 1892, c. 182, § 170 et seq., is conclusive of all questions therein from the beginning.

Application to vacate, as void, the appointment, report, and proceedings of commissioners for a street improvement, and also an order of the supreme court confirming the same. Denied.

George C. Appell, for the application.
W. J. Marshall, Corp. Counsel, opposed.

GAYNOR, J. The charter of this city authorizes the common council by an ordinary majority vote to allow a street to be laid out and opened on receipt of a petition therefor signed by one-third of the landowners along its line, and after giving a hearing thereon on a prescribed notice by publication; but only provided there be no remonstrance against it on such hearing. It then adds: "The common council, by a unanimous vote of all its members, may allow any such improvement to be made * * * without such petition and notice, or, in case of a petition, notwithstanding such remonstrance;" and next follows a provision that if the proposed improvement be a sewer, "the common council, by the vote of a majority of all its members, to be ascertained by taking and recording the ayes and noes, may allow the improvement to be made, and the property, rights or easements to be taken, without petition of any owner and notwithstanding any remonstrance." Chapter 182, § 170, Laws 1892.

There was no petition in this case; and the moving papers purport to show that whereas the common council consisted of ten aldermen, only eight were present at the meeting and voted to allow the improvement. If this be true the contention that the common council never allowed this improvement is valid. It could allow it only "by a unanimous vote of all its members." The statute is plain and unambiguous on this head, and therefore artificial rules of construction may not be resorted to. They cannot be invoked to change a plain meaning. The statute says that in the absence of a petition the improvement may be allowed by the common council "by a unanimous vote of all its members," except that if it be a sewer such allowance may be "by the vote of a majority of all its members." The exception puts the meaning of what goes before beyond question. May v. Bermel, 20 Misc. Rep. 515, 45 N. Y. Supp. 913;

In re City of Buffalo, 78 N. Y. 362; City of Logansport v. Legg, 20 Ind. 315.

The claim now is that the order of this court appointing commissioners of estimate and assessment herein, and hence all the subsequent proceedings, were void for lack of jurisdiction because of this failure of the common council to allow the improvement. If the application to vacate depends only on the question of the construction of this provision of the statute, then it must be granted if the allegation that only eight members voted to allow the improvement be true. The brief of the learned counsel for the city states at the outset that "both parties agree that the only question is" the con- struction of such provision, and counsel on both sides so stated on the argument. It does not seem to me that that is the only question, but that we may go further in order to save this completed public improvement from being upset; for if the question of fact whether the resolution was passed by a unanimous vote of all the members was for this court to decide on the application to appoint commissioners, then it had jurisdiction to entertain the application, and its order thereon and the subsequent proceedings thereunder are not void.

The rest of the said section provides that "if the common council shall allow such improvements to be made, or property, rights or easements to be taken, it shall cause application to be made to the county court of Westchester, or the supreme court at a special term" in the judicial district, for the appointment of three commissioners to estimate and assess; and that such application shall be upon a notice by publication therein prescribed. Such application was made to this court, and the commissioners were appointed, no one opposing. The court acted upon a petition of the city sworn to by the city clerk, which was presented and filed at the time of the application. Such petition gives the names of the ten aldermen who composed the common council, and says that "at a regular meet- ing thereof, a quorum being present, a resolution was adopted by a unanimous vote of all the members of said common council present, a copy of which is hereto annexed and made a part of this peti- tion and is referred to." A copy of such resolution, i. e., allowing the improvement, certified by the said clerk and sealed with the corporate seal, is annexed to such petition; and then follows im- mediately thereunder and in connection therewith a copy of the following minute signed by the said clerk and sealed with the cor- porate seal, viz.:

"The yeas and nays were called, resulting as follows: Yeas: Aldermen Anderberg, Cowan, Cline, Dollard, Fiske, Grant, Howland, Howe, Ultcht and Wallander. Nays: None. Adopted."

These are the aldermen enumerated in the said petition.

Strangely enough a part of the moving papers on the present ap- plication is a certified copy by the same individual as city clerk of such resolution of the common council, and also of the said minute of the vote; the latter being identical in every particular with the certified copy thereof annexed to the said petition, except that it

lacks the names of two aldermen.   This looks very suspicious to say the least.

We have to deal with the question whether the jurisdiction of this court to make the order appointing the commissioners depended on it being the fact that all of the members of the common council voted for the resolution, instead of on how the court determined that fact to be.   If it depended on the latter, then having determined that they all voted for it, it had jurisdiction to make such order even though its determination was contrary to the real fact, and all the parties in interest were bound thereby.

It is often written that if the jurisdiction of a court depends on the existence of certain facts, it cannot get jurisdiction by merely assuming it and ruling or deciding that such facts exist.   Unless the facts do exist, it does not get jurisdiction.   But this is supplemented by another rule, viz., that if a court, or any tribunal to which duties of a judicial nature are assigned in any matter, has jurisdiction to inquire into and determine whether such facts exist, then its determination in that respect in the affirmative gives it jurisdiction of the case, and is, like any other decision by it in the case, conclusive until reversed or set aside on review by appeal, certiorari, or some other appointed method.   This rule, however, should probably never be stated without the qualification that such determination cannot be ex parte, for that would not be due process of law, but only on a hearing on notice to those interested.

The application of such rule to the present case can be made plain by contrasting certain classes of decisions with each other.   In the case In re Kiernan, 62 N. Y. 457, the statute permitted the improvement to be ordered by the common council on a petition signed by a majority of the persons owning the land situated on the line thereof; but it went further and required the common council to determine on a hearing on notice to all interested whether the petition were signed by such majority.   It was therefore held that its jurisdiction to order the improvement depended on how it should decide such fact to be; and although it was proved and found in the case before the court (which was an application to vacate an assessment for the improvement), that the petition was not signed by the required majority, and that the decision of the common council was therefore contrary to the fact, it was nevertheless held that such decision was conclusive.   On the other hand in the cases of Sharpe v. Speir, 4 Hill, 76, and Jex v. Mayor, etc., 103 N. Y. 536, 9 N. E. 39, where the common council was authorized to order the improvement on such a petitioning majority, but was not empowered or required to have a hearing on notice to ascertain and determine the question whether the petition was by a majority, the decision was that it had no jurisdiction to order the improvement because the petition was not in fact by a majority.   To the same effect is the recent case of Miller v. City of Amsterdam, 149 N. Y. 288, 43 N. E. 632, where it is said:

"We find no case holding otherwise, except those founded upon statutes authorizing some board or officer to determine whether the petition was presented by a majority of the taxpayers."

This makes the distinction clear; but a hearing on notice is no doubt meant, for an ex parte determination would lack due process of law.

That jurisdiction can be acquired by an erroneous decision of the facts on which it depends, where the court or tribunal has authority to inquire into and decide upon the existence of such facts on a hearing on notice, is a familiar principle recognized in other cases. Porter v. Purdy, 29 N. Y. 106; Roderigas v. Institution, 63 N. Y. 460; Cagwin v. Town of Hancock, 84 N. Y. 532; Craig v. Town of Andes, 93 N. Y. 405; Town of Mentz v. Cook, 108 N. Y. 504, 15 N. E. 541; Town of Cherry Creek v. Becker, 123 N. Y. 161, 25 N. E. 369; In re Union El. Ry. Co. of Brooklyn, 112 N. Y. 61, 19 N. E. 664. This last case is not only exactly in point here, but it also serves as a reminder that the notice by publication prescribed by this statute was just as effectual as personal notice to give jurisdiction.

The foregoing clears the way to what is the true question for consideration in this case. The statute here provides for an application to this court for the appointment of the commissioners, and requires a hearing thereon by this court on notice to all persons interested. It does not say specifically on what question the hearing is to be; but on what could it be except on the question whether the improvement has been duly ordered by the common council, so that the court may as a consequence appoint the commissioners? The court is given no discretion in any respect. It is not permitted to inquire into the question whether the improvement ought to be done. That is left to the common council. The statute is that the court "shall appoint" commissioners. But it does not permit that to be done ex parte, or without a judicial examination; on the contrary, it provides for a hearing on notice. It is plain that such hearing was meant by the statute to be on the question whether the common council had allowed the improvement. The statute does not specifically say so; but regular courts of justice proceed on established principles and rules, and when a thing like this is sent to such a court by a statute without any particular procedure being prescribed therein for the court, it must be presumed that the legislature knew and intended that the court would proceed according to its established principles and order, i. e., on due proof of the necessary facts, and that it was deemed unnecessary to prescribe a particular procedure.

The city proceeded on such application by presenting to the court a petition sworn to by its clerk. The statute did not prescribe a petition, but it did prescribe that an application be made to the court, and a petition was the established method therefor. The legislature did not intend that the court should proceed on nothing, or on mere oral statements, but on some foundation of record; i. e., in due course according to its established order for hearing and deciding. Such petition contained an allegation that at a regular meeting of the common council, "a quorum being present, a resolution was adopted by a unanimous vote of all of the members of said com-

mon council present, a copy of which is hereto annexed and made a part of this petition and referred to." This does not say that the resolution was adopted by a unanimous vote of all the members of the common council, but it is consistent with that fact, for all may have been present; and annexed to the petition was a copy of such resolution allowing the improvement, with a copy of the minute of the common council of its passage, both attested as true copies by the certificate of the city clerk and the corporate seal; and such minute showed that all of the members of the common council were present and voted for the resolution. On this sufficient evidence the court acted. It granted the application and entered an order appointing the commissioners. Such order was not void, even though in fact only eight members were present and voted, unless it has to be held that the court's jurisdiction to make it is assailable on the ground that such jurisdiction depended not upon the evidence presented to the court, but upon its truth as matter of fact. It does not seem to me that the proposition is reasonable, and I believe it to be untenable. Every one had his day in court on the question whether the condition precedent on which the court was prayed to act existed, and the object of that was to bind every one.

The fact whether the common council had allowed the improvement was necessarily embraced in and adjudicated by the court's decision to appoint commissioners; and that is the test on a question of res adjudicata, and not whether the court actually, as distinguished from constructively, considered and decided the particular point or matter. Bell v. Merrifield, 109 N. Y. 202, 16 N. E. 55; Barber v. Kendall, 158 N. Y. 401, 53 N. E. 1; In re Union El. Ry. Co. of Brooklyn, 112 N. Y. 61, 19 N. E. 664. In this last case, where the proceeding to take private property by the railroad company by eminent domain was resisted on the ground that the petitioner was not a corporation de jure, but only de facto, if at all, it was held that the question was "constructively" involved and adjudicated in the proceeding by the corporation in the supreme court under the statute allowing the appointment of commissioners to give their consent to the construction of the road in lieu of the consent of the abutting property owners; although the statute did not specify that such question should be submitted to or decided by the court. But the statute did allow the application to the court for the appointment of commissioners, and require it to appoint them, and it provided for a hearing on notice; and unless the petitioner was a corporation de jure it had no standing to resort to such a proceeding at all. Hence that question was held to be necessarily involved. The same case in principle is presented here.

Finally, the statute required that the report of the commissioners be submitted to this court for confirmation, and provided for a hearing thereon by this court on notice to all persons affected by it, and such hearing was had. The provision of the statute in this respect is broad enough to enable any objection to be made to the confirmation of the report, and the courts would so construe it if it seemed narrower. Spencer v. Merchant, 100 N. Y. 589, 3 N. E.

682. The confirmation was therefore conclusive on all questions from the beginning.

The application is denied.