words, which amount to nothing in pleading, as much as some learned pleaders seem to love them.

The demurrer is sustained.

---

(40 Misc. Rep. 549.)

### RUOFF v. GREENPOINT SAV. BANK.

(Supreme Court, Special Term, Kings County.   May, 1903.)

1. **DEATH—PRESUMPTION.**
    Seven years' absence of a person, without any intelligence concerning him, raises a presumption of his death.
2. **SAME—EVIDENCE.**
    Letters of administration are in themselves prima facie evidence of the death of the person on whose estate they are granted.

Action by Mathias Ruoff, as administrator of John Ruoff, against the Greenpoint Savings Bank, to recover deposits.   The complaint alleges the death of John Ruoff, which fact the answer denies.

William C. Beecher, for plaintiff.
Albert G. McDonald, for defendant.

GAYNOR, J. The only facts in dispute being that John Ruoff, the depositor, was dead and that the plaintiff is his administrator, the plaintiff introduced in evidence the surrogate's letters of administration to him, and rested.   The defendant thereupon introduced the petition of the plaintiff, and his accompanying affidavit, on which the surrogate granted the letters, and rested.   The petition is dated October 27, 1902, and states that the depositor was a brother of the petitioner, unmarried, and had long resided with him, and worked for him; that he secretly left his home early in the morning on June 8, 1894, and has not been heard of since; that for some time prior thereto he had been subject to attacks of melancholy; that he was home-abiding and regular in his habits; that he was frugal and saving, and had over $5,000 in different savings banks when he left, and that such deposits have since remained untouched by him; that the night before he left he handed $300 in bank bills to the petitioner, and asked him to keep it; that the petitioner made inquiries concerning him at the morgue, lunatic asylum and other like public institutions, and of friends and relatives, but was unable to find him or hear of him.   The affidavit fortifies the petition by a similar statement of facts.

It is objected by the defendant that the plaintiff gave no evidence of death; but the letters of administration are in and of themselves prima facie evidence of death.   Carroll v. Carroll, 60 N. Y. 121, 19 Am. Rep. 144.

In Roderigas v. East River Savings Institution, 63 N. Y. 460, 20 Am. Rep. 555, it was held that letters of administration granted by the surrogate on a petition stating facts from which death could be judicially inferred, are conclusive evidence of the right of the administrator to act, and that although the alleged decedent was in fact alive, he was bound by the acts of such administrator in collecting his bank

¶ 2. See Death, vol. 15, Cent. Dig. § 5.

deposits, and the bank was released thereby; and this was adhered to in a later case between the same parties. 76 N. Y. 316, 32 Am. Rep. 309. The common law was the contrary, viz., that the jurisdiction of the surrogate depended on the fact of death; but the decision was placed on the particular wording of the statute relating to the granting of letters by surrogates in this state. The case of Scott v. McNeal, 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. Ed. 896, however, has overruled the Roderigas Case (Matter of Killan's Estate, 172 N. Y. 557, 65 N. E. 561), on the ground that such a statute is void for violating the prohibition of the fourteenth amendment to the Constitution of the United States against any state depriving any person of life, liberty or property without due process of law, or denying to any person the equal protection of the laws; and as the question made may be a federal one by reason of the said constitutional amendment, this decision is binding on our state courts.

The present case has therefore to be decided without regard to the Roderigas Case, and on common-law principles; and as the letters are at common law prima facie evidence of death, the plaintiff is entitled to recover, unless the petition and affidavit on which they were granted, which were introduced in evidence by the defendant, rebut such evidence. They certainly do not do so, unless the said absence of seven years does not destroy the ordinary presumption of a continuance of life, and raise instead a presumption of death; for in that case the letters would be shown to rest on no evidence of death, and to be therefore void. But such seven years' absence does at common law raise a presumption of death. 1 Greenleaf, Ev. § 41; Davie v. Briggs, 97 U. S. 633, 24 L. Ed. 1086, Karstens v. Karstens, 29 App. Div. 235, note.

Judgment for the plaintiff.