(121 App. Div. 502.)

### BUSSING v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. October 11, 1907.)

1. MUNICIPAL CORPORATIONS—IMPROVEMENTS—SUFFICIENCY OF COUNCIL'S VOTE.
   Though a city's charter requires "a unanimous vote" of all the members of the council to authorize a street improvement, an improvement proceeding and an assessment were not void because there was a unanimous vote of only eight members, all that were present; the whole number being ten.

2. COURTS—PREVIOUS DECISION AS CONTROLLING.
   The Appellate Division of the Supreme Court having decided that a street improvement assessment was not void because the improvement was authorized by a unanimous vote of only eight members of the council, all that were present, the whole number being ten, a referee, in a subsequent case relating to the same assessment, should have followed the decision.

Appeal from Judgment on Report of Referee.

Action by John Bussing, Jr., against the city of Mt. Vernon. From a judgment entered on a referee's report, defendant appeals. Reversed, and complaint dismissed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

David Swits, for appellant.
Milo J. White, for respondent.

PER CURIAM. The judgment vacates an assessment on the plaintiff's property for the opening of a street in the city of Mt. Vernon, the defendant, on the ground that, whereas, the charter of the city required "a unanimous vote" of all of the members of the common council to allow the improvement, there was a unanimous vote of only eight of such members, all that were present; the whole number being ten. That this did not make the proceeding and the assessment void was decided and affirmed in this court. Matter of the Application of the City of Mt. Vernon, etc., 34 Misc. Rep. 225, 68 N. Y. Supp. 823; 64 App. Div. 619, 72 N. Y. Supp. 1097.

Nevertheless another justice thereafter, in case of one of the landowners assessed, decided to the contrary, and no appeal was taken from this judgment by the city. This was all irregular. Our decision should have been followed. The learned referee in the present case felt constrained to follow this later decision; but he was under no such constraint. He should have followed our decision. We also deem it strange that, when the appeal was before us in the matter of the writ of mandamus to compel the cancellation of the assessment in accordance with this later judgment (People ex rel. Jardine v. Brush, 115 App. Div. 688, 101 N. Y. Supp. 312), we were not informed that the proceeding and assessments were the same that we had formerly upheld in the said case first tried. The square decision there given in favor of the city should not be permitted to be frittered away.

The judgment should be reversed, with costs, and the complaint dismissed.