(83 Misc. Rep. 495)

PEOPLE ex rel. JENNY v. BROWN, County Treasurer.

(Supreme Court, Special Term, Monroe County. January, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 86*)—ESTATE OF DECEASED INFANT—PROCEEDS OF SALE—DISPOSITION—NECESSITY OF COURT ORDER.

Where, in a proceeding in the County Court for the sale of an infant's real estate, the proceeds are deposited with the county treasurer, an order of such court is a prerequisite to the payment by the county treasurer of any portion of the proceeds to the infant's administratrix, though the treasurer admits the infant's death; such order being required by the express terms of Code Civ. Proc. § 751, and section 2359, relative to the proceeds of the sale of an infant's realty, not being inconsistent therewith.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 323, 359–383; Dec. Dig. § 86.*]

2. MANDAMUS (§ 10*)—ESTATE OF DECEASED INFANT—PROCEEDS OF SALE—DISPOSITION.

Where an infant dies after the sale of his real estate and deposit of the proceeds thereof with the county treasurer, and there has been no adjudication by the surrogate of the validity of certain alleged debts in any proceeding in which the infant's heirs were cited or represented, his administratrix's application for a peremptory writ of mandamus directing the county treasurer to pay over such proceeds, with interest, less fees, pursuant to an order made by the surrogate under Code Civ. Proc. § 2359, will be denied.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 37; Dec. Dig. § 10.*]

Application for mandamus by the People, on the relation of Mary Jenny, as administratrix, etc., against Charles J. Brown, as County Treasurer, etc. Denied.

Bernhard & Truesdale, of Rochester, for relator.

George Y. Webster, of Rochester, and Henry S. Kahn, of Cohoes, for respondent.

SUTHERLAND, J. The relator asks for a peremptory writ of mandamus directing the county treasurer of Monroe county to pay over to the relator, as administratrix of the estate of a deceased infant, the sum of $2,920.49, with interest, less his fees, in conformity with the directions of an order made by the surrogate of Monroe county, under section 2359 of the Code of Civil Procedure. The treasurer has declined to comply with the surrogate's order, upon the ground that said money was paid into the County Court of Monroe county as the pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceeds of the sale of real estate belonging to the infant in a special proceeding taken for that purpose in the County Court, which has jurisdiction over the fund and has made no order for the payment of said money or any part thereof out of court, as is required to permit such payment by section 751 of the Code. The infant died after the sale and deposit of the money, before attaining his majority, and the relator is administratrix of his estate. Certain debts of the infant are said to be unpaid, and the object of the surrogate's order is to equip the administratrix with the means of paying the debts. The papers in the Surrogate's Court state that the debts amount to about $998, but it does not appear that there has been any adjudication by the surrogate as to the validity of the alleged debts in any proceeding in which the heirs of the infant were cited or represented.

[1] The treasurer has been advised by his counsel and by the state comptroller that an order is necessary from the County Court permitting the same to be done, before the treasurer can properly pay over the money or any part thereof to the administratrix. On the other hand, the relator insists that upon the death of the infant, his heirs, under the statute of descent, became the owners of said moneys subject to claims thereon for debts and funeral expenses of the intestate, which are only ascertainable in the Surrogate's Court, and that the language of section 2359 is unqualified, giving the surrogate absolute control of the funds at the present juncture, and that no application to the County Court is necessary.

Section 2359, after declaring that the proceeds of the sale of infant's real estate disposed of in the special proceeding designed for that purpose in title 7 of chapter 17 of the Code shall be deemed real estate until the infant arrives at full age, continues:

"If the infant should die before arriving at full age, * * * not leaving sufficient personal property to pay funeral expenses and expenses that may be necessary * * * then * * * *the proceeds are to be deemed personal property so far as may be necessary to pay the funeral and other necessary expenses. The proceeds are to be paid upon order of the surrogate's court or court having jurisdiction of the estate of the deceased, to an administrator appointed by the surrogate to administer upon decedent's estate,* and after paying all funeral expenses and expenses of administration and any indebtedness, the remainder, if any there be, shall, upon the order of the surrogate, be paid into the hands of the trustee who held the same, to be distributed as the law directs."

Section 2359, in so far as it directs the proceeds to be paid to the administrator upon order of the Surrogate's Court, must be read in connection with section 751 of the Code of Civil Procedure, which says:

"No money, security or other property which shall have been placed in the custody of the court shall be surrendered without the production of a properly certified copy of an order of the court, in whose custody said money, security or other property shall have been placed, duly made and entered, directing such disposition. Each order must be countersigned by the presiding judge by whose direction it is made."

This money was placed in the custody of the County Court when the sale took place, and it seems to me clear that an order of the County Court is prerequisite to the payment by the county treasurer of any portion of this fund to the administratrix. Systematic and orderly pro-

cedure, in the nature of things, would seem to require it. Section 751 of the Code, in express terms, requires it, and section 2359 is not inconsistent therewith. Such construction will tend to keep the records of court funds complete and consistent.

[2] This infant was the ward of the County Court with respect to this very fund. See section 2360. An affirmative duty was placed by law upon that court to safeguard that fund until the infant's majority; and while the fact of the death of this particular infant is admitted by the county treasurer for the purposes of this case, nevertheless it would seem that the County Court is bound by law to be satisfied of the death of its ward in every case before it releases the custody of such a fund. The admission of the fact by the treasurer does not dispense with the necessity of a decision by the County Court of that essential fact. No other court can discharge that duty for the County Court. And the investigation of that fact might prove to be of vital importance in instances where the death of the infant is a matter of inference rather than direct proof. In a doubtful case, the County Court might refuse to find that the infant is dead, although the surrogate had issued letters upon his estate on an ex parte application of some one who would be entitled to be appointed administrator if the infant were dead. The issuing of letters of administration by the surrogate is not conclusive upon the County Court as to the fact of death, and the surrogate is without jurisdiction in the premises unless the infant is actually dead. Matter of Killan, 172 N. Y. 547, 65 N. E. 561, 63 L. R. A. 95; Marks v. Emigrant Industrial Sav. Bank, 122 App. Div. 661–664, 107 N. Y. Supp. 491; Williams v. Post, 158 App. Div. 818, 143 N. Y. Supp. 1027.

Therefore the application for a peremptory mandamus must be denied, and it will not be necessary to decide now the other question which was suggested on the argument, whether the County Court, in case it is satisfied, on an application duly made, that its infant ward is dead, can overrule the judgment of the surrogate as to the amount of money which should be turned over to the administrator. No costs are allowed.

Application denied.