Edward F. Hutton et al., Copartners, Doing Business under the Firm Name and Style of E. F. Hutton & Company, Plaintiffs, *v.* Leonard A. Blackburn, Individually and as Executor of the Last Will and Testament of Samuel L. Blackburn, Deceased, et al., Defendants.

(Supreme Court, New York Special Term, December, 1921.)

Wills — non-residents — every state has exclusive jurisdiction over property within its borders — constitutional law — will relating to personal property valid in state where executed may be established in New York although not entitled to probate — Code Civ. Pro. § 1861, subd. 2 — Decedent Estate Law, §§ 200(2), 206, added by Laws of 1920, chap. 919.

Under the full faith and credit clause of the Federal Constitution, as now interpreted, every state has exclusive jurisdiction over property within its borders, and where a testator has property in more than one state, each state in its own

courts can provide for the disposition of the property, in conformity with its laws.

Where the will of a non-resident of this state, relating to personal property only, is valid under the laws of the state of Virginia in which it was executed, it may be established by an action in the Supreme Court of the state of New York though it is not entitled to be admitted to probate here. (Code Civ. Pro. § 1861, subd. 2; Decedent Estate Law, §§ 200(2), 206, added by Laws of 1920, chap. 919.)

Where testator and his second wife were domiciled in the state of Ohio until shortly before his death there and said will could not be proved in that state against her objection because it was holographic, and for the reason that it offended the community law of that state, her *ex parte* administration proceedings therein gave the Ohio court plenary jurisdiction over all assets the decedent left in that state.

In an action by stockbrokers who held an account in favor of decedent to establish his holographic will executed in and valid under the laws of the state in which it was made, plaintiff interpleaded as defendants the Ohio administratrix as well as the executor, legatees and next of kin, viz., mother and brother, under decedent's said will, which had been admitted to probate in the state of North Carolina, where decedent was born. Several months after decedent's first wife had obtained, in West Virginia, a decree of absolute divorce but before the entry of the final judgment, decedent married his second wife and shortly after her appointment as administratrix, the mother and brother of decedent proved *ex parte* in North Carolina his holographic will, which left everything to them. *Held,* that the North Carolina court was without jurisdiction to admit the will to probate and that plaintiff was entitled to judgment establishing said instrument as the last will and testament of decedent.

Action for interpleader.

Millard F. Tompkins, for plaintiffs.

Harold Remington, for defendant Clara Mae Blackburn.

John M. Harrington, for defendants Leonard A. Blackburn and Nannie Vaughn Blackburn.

GUY, J. Action for an interpleader. Plaintiffs were stockbrokers who held an account in favor of decedent, Samuel L. Blackburn, for $20,227.68, and $600 second Liberty Loan bonds. They interpleaded as defendants decedent's Ohio administratrix, his second wife, as well as his executor, legatees and next of kin, viz., mother and brother, under his holographic will, which was admitted to probate in North Carolina. Decedent was born in North Carolina; he married his first wife in 1906, and she obtained an absolute divorce from him in West Virginia on November 24, 1914. On September 19, 1914, two months before the entry of the final judgment of divorce, decedent married his second wife. His Virginia holographic will recognized her as his wife, and a valid common-law marriage is thereby proved. The evidence convincingly establishes that the decedent and his second wife were domiciled and lived together until some months before his death in Cleveland, O., and that the decedent was domiciled in the state of Ohio at the time of his death. The will sought to be established in this action could not be proved in the state of Ohio because it is holographic; its provisions also offended the community property law of the state of Ohio. Immediately after his death on February 27, 1919, and on March 4, 1919, decedent's second wife was appointed *ex parte* as his administratrix in Ohio, and as such took possession of all his assets to be found in Ohio. Her petition alleged decedent left no next of kin and that his entire estate did not exceed $4,500. Shortly thereafter, and on March 10, 1919, his mother and brother proved *ex parte* in North Carolina his holographic will, which left everything to them. The prior Ohio administration, if *Roderigas* v. *East River Savings Institution*, 63 N. Y. 460, 466, 467, had not been overruled, would have been final and conclusive on the whole world that

the decedent died intestate; also that the Ohio admin-
istratrix was entitled to the whole personal estate
wherever situated. But in *Scott* v. *McNeal,* 154 U. S.
34, 43, 46, the *Roderigas* case was overruled. The full
faith and credit clause of the Federal Constitution is
under the guardianship of the United States Supreme
Court, and it is the duty of all state courts to follow
its rulings. The full faith and credit clause of the
Federal Constitution is now interpreted to mean that
every state has exclusive jurisdiction over property
within its borders, and where testator has property in
more than one state, each state has jurisdiction over
the property within its limits and can in its own courts
provide for the disposition thereof in conformity with
its laws. *Brown* v. *Fletcher's Estate,* 210 U. S. 82,
89–90; *Iowa* v. *Slimmer,* 248 id. 115; *Thormann*
v. *Frame,* 176 id. 350, 353–356. In overruling
the *Roderigas* case the Supreme Court of the
United States followed the views of the House
of Lords. *Coucha* v. *Coucha,* 11 App. Cas. 541,
551–554, 564, 572. As the highest court of the British
Empire has found it impossible to make a probate
decree conclusive outside of the jurisdiction of the
local government wherein it was rendered, the ruling
of the United States Supreme Court adopting that
rule here, contrary to the former and overruled prac-
tice of this state, is now the law of New York and of
every other state. Under the law of New York a will
of personalty executed by a non-resident in the manner
required by the laws of another state in which such
will was executed (Virginia), may be established here
by action if the case is not one where the will can be
admitted to probate in a Surrogate's Court under the
laws of this state. Code Civ. Pro. § 1861, subd. 2;
Decedent Estate Law, §§ 200 (2), 206, added by Laws
of 1920, chap. 919. The will sought to be estab-

lished in this action disposed of personalty only; was valid under the laws of Virginia, where it was executed, and could not be probated in the Surrogate's Court under the laws of this state, and therefore can be established by action in the Supreme Court of this state. Inasmuch as the holographic will could not have been proved in Ohio against the wife's objection, her *ex parte* administration proceedings in Ohio gave the Ohio court plenary jurisdiction over all property which the decedent left in Ohio. The evidence establishes that at the time of his death the decedent was a resident of and domiciled in the state of Ohio, and the court of the state of North Carolina which admitted decedent's will to probate was without jurisdiction to admit said will to probate. The second counterclaim of defendants Leonard A. Blackburn and Nannie Vaughn Blackburn is dismissed. The motion of defendant Clara Mae Blackburn, individually and as administratrix, to amend her pleadings to conform with the proof by inserting three additional paragraphs at the end of her answer and counterclaim, to be numbered paragraphs 11, 12 and 13, as set forth in notice of said motion, is hereby granted. Judgment is directed establishing the holographic will of decedent as his last will and testament, with costs to all parties appearing individually by separate attorneys.

Judgment accordingly.