In the Matter of DAVID ZIRINSKY, Judgment Creditor, against GIUSEPPE PESCE, Judgment Debtor.

City Court of the City of New York, Special Term, Bronx County, January 30, 1947.

*Harry Sand* for judgment creditor.

No appearance for judgment debtor.

BONEPARTH, J. Motion by judgment creditor, under section 794 of the Civil Practice Act, to direct a third party to pay over to the creditor, moneys alleged to be due to the judgment debtor.

The judgment debtor Pesce is the landlord of certain premises. In a proceeding in the Municipal Court by Pesce against his tenant, the latter deposited with the Clerk of the Municipal Court, the amount of the rent involved. The moving papers purport to show and we assume, for the purpose of this motion, that the landlord has become entitled to this deposit in that proceeding.

The judgment creditor now moves in this court to direct the clerk of another court, to wit, the Municipal Court of the City of New York, to pay over these moneys to the creditor of the landlord under section 794 of the Civil Practice Act.

Subdivision 2 of section 794 of the Civil Practice Act reads in part as follows: " At any time after the commencement of a special proceeding authorized by this article, the judgment creditor may by notice of motion  *  *  *  apply to the court for an order directing the said third party to pay to the judgment creditor  *  *  *  a sum on account of the alleged indebtedness not exceeding the judgment with interest."

The fund or " indebtedness " which the creditor seeks to have ordered paid is a fund deposited in the Municipal Court.

Section 137 of the Civil Practice Act reads in part as follows: " No money  *  *  *  which shall have been placed in the custody of the court shall be surrendered without the production of a properly certified copy of an *order of the court in whose custody said money  *  *  *  shall have been placed,* duly made and entered, directing such disposition." (Italics ours.)

The Civil Practice Act, though made up of hundreds of sections, has been construed and held to be a single act or statute. All parts or sections of an act or statute must be harmonized and every part given effect, if possible. (McKinney's Cons.

Laws of N. Y., Book I, Statutes [1942 ed.], §§ 97, 98; 2 Lewis' Sutherland on Statutory Construction, § 380, p. 731; *American Bank* v. *Goss*, 236 N. Y. 488, 494–495.)

The two sections of the Civil Practice Act, to wit, 794 and 137, can be harmonized and each given effect, by excluding from the operation of section 794 of the Civil Practice Act, any moneys deposited in another court.

An analogous situation appears in *People ex rel. Jenny* v. *Brown* (83 Misc. 495). There real estate belonging to an infant was sold in a proceeding in the County Court of Monroe County, and the proceeds were paid into the County Court and deposited with the County Treasurer. The infant died after the sale and deposit and before attaining his majority.

Section 2359 of the then Code of Civil Procedure, provided, in part, as follows: " If the infant should die before arriving at full age, * * * The proceeds are to be paid upon order of the surrogate's court or court having jurisdiction of the estate of the deceased, to an administrator appointed by the surrogate * * *."

The administratrix of the infant's estate obtained an order of the Surrogate directing the County Treasurer to pay over the fund to her. The treasurer declined to pay over the fund. The administratrix sought by mandamus to compel the payment over of the fund. That application was denied and the court said at page 498: " This money was placed in the custody of the County Court * * * and it seems to me clear that an order of the County Court is prerequisite to the payment by the county treasurer of any portion of this fund to the administratrix. * * * Section 751 of the Code (which is now substantially incorporated in Civ. Prac. Act, § 137), in express terms, requires it, and section 2359 is not inconsistent therewith." (Words in parentheses ours.)

So that, in the instant case, under section 137 of the Civil Practice Act, the only court, which can order the disposition of the moneys deposited in the Municipal Court, is that court.

Furthermore, the Rules of Civil Practice (rules 30–33) prescribe the procedure for withdrawing moneys deposited in court, and provide for proceeding by petition and not by affidavit and notice of motion.

It is accordingly held that moneys deposited in another court are not subject to the provisions of section 794 of the Civil Practice Act. The motion to direct the clerk of the Municipal Court to pay over the moneys deposited with him is accordingly denied. Order signed.