In the Matter of the Probate of the Will of Lazare I. Elias, Deceased.*

Surrogate's Court, New York County, May 5, 1947.

---

\* See, also, *Matter of Magre*, 189 Misc. 246.— [Rep.

*Murray K. Josephson* for Georgette G. Allerand, petitioner.

*Joseph A. Cox* for Public Administrator of the County of New York, respondent.

DELEHANTY, S. In this probate proceeding a separate issue was formulated respecting the fact of death. At the date of alleged death the testator was a resident of France but was of Roumanian citizenship. He is said to have died on or about September 28, 1942. In support of the claim that the testator is dead there were presented some allegations by affidavit and otherwise that the testator with others was seized by the German forces and interned for a while in France and then sent to the East in September, 1942, after which nothing was heard of him.

In further substantiation of the allegation of death there was furnished to the court a copy of a decree of the French government and a certificate of presumptive death issued by a French ministry. The decree provides a method by which registration can be made of the fact of presumptive death in the case of persons who during the war disappeared under circumstances outlined in the decree. The decree establishes a procedure not only in the case of French citizens but also in the case of noncitizens who disappeared from territory under French authority. The certificate of presumptive death which has been supplied to the court is executed by a ministry authorized under the French decree to make it and is duly authenticated. It certifies that the testator was deported from Drancy (an internment camp maintained by the Germans in France) on September 28, 1942. The certificate says that deceased is presumed to have died at Auschwitz. No date of the death is given.

On this state of the record the question first to be considered is whether or not the court will accept a certificate of presumptive death at all or whether it will require common-law

proof of death. The alleged disappearance of the testator dates some four and one-half years ago. He was known to have been in an internment camp in France under the control of the German forces. Though there is no information about him in particular there is general knowledge that the inmates of that camp were deported to the East and were never heard from again. The court is warranted in taking notice of the world-wide knowledge of the treatment of internees by the Nazis especially if they were of Jewish blood as was the testator. While the policy of extermination directed against the Jews does not suffice in itself to establish the death of any particular individual the fact that this testator was within the power of the Germans and that he has not been heard from in four and one-half years renders it permissible for the court to accept proof of the nature now tendered. Accordingly the court rules that a certificate of presumptive death duly issued by a foreign state of domicile may be received in evidence.

The second question presented is whether such a certificate may be received from a government of a country of which the testator was not a citizen. The proof sufficiently shows that deceased had sought the protection of the French government; that he resided in France, and that he maintained his property there in large degree. In thus seeking the protection of the laws of France deceased undoubtedly submitted himself to the ordinary processes of that Government and submitted himself to the jurisdiction of the French authorities to a degree which warranted them in undertaking the investigation and eventually in making a certificate respecting his disappearance and presumptive death. Accordingly the court holds that the mere fact of noncitizenship does not warrant rejection of the certificate.

The final question is whether the finding of the French official shall be held sufficient to establish the fact of death in this probate proceeding. In respect of this question the court holds that the certificate may be received as some evidence of death. It holds that the certificate is not conclusive on the court but suffices as a basis for a finding of death if there be no contradictory evidence. In this case and on the whole body of facts presented to the court a finding is made that deceased died prior to the filing of the petition for probate in this proceeding. Accordingly the court will proceed further with the probate proceeding and the matter is remitted to the probate clerk for further action in accordance with the law and practice of the court.