FRANK G. OPTON, as Ancillary Administrator C. T. A. of JACOB BENJAMINS, Deceased, Plaintiff, *v.* GUARANTY TRUST COMPANY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, January 27, 1949.

*Harry L. Wechsler, Austin D. Graham* and *Frank G. Opton,* in person, for Frank G. Opton, plaintiff.

*Russell S. Coutant* and *Frederick G. Watson* for defendant.

WALTER, J. In June, 1948, the Surrogate's Court of New York County appointed plaintiff as ancillary administrator with the will annexed of Jacob Benjamins, of Amsterdam, The Netherlands, and he brings this action to recover a sum of money which Benjamins had on deposit with defendant. Defendant admits the deposit but puts in issue the fact of Benjamins' death and the validity of plaintiff's appointment. Plaintiff moves for summary judgment.

Plaintiff asserts, without any pretense of personal knowledge, that on June 8, 1943, the German forces then in control of The Netherlands transported his testator, Benjamins, a Jew, from his domicile in Amsterdam, to a concentration camp at Sobibor, Poland, and that he was there gassed to death on June 11, 1943. As proof of the fact of death plaintiff presents what appear to be duly authenticated copies of (1) a certificate of the Settlement Office of Concentration Camps of the Netherlands Red Cross, issued at The Hague, October 23, 1946, which states that from records available to that office it appears that Jacob Benjamins, born January 8, 1877, in Amsterdam, who resided in Amsterdam, N. Keizersgracht 78, was transported on June 8, 1943, from Westherbork to Sobibor and died there on June 11, 1943; (2) an order of the District Court of First Instance at Amsterdam made January 17, 1947, upon the petition of a daughter of said Benjamins, directing that in the Register of Births,

Deaths and Marriages of the Municipality of Amsterdam there be recorded the death at Sobibor on June 11, 1943, of Jacob Benjamins, born at Amsterdam on January 8, 1878; (3) an extract from the Register of Births, Deaths and Marriages of the Municipality of Amsterdam, stating that in compliance with said order of the District Court there was made in said register on March 28, 1947, an entry recording that on June 11, 1943, at Sobibor in Poland there died Jacob Benjamins, sixty-six years old, born in Amsterdam.

The above-mentioned order of the District Court states that it shall be valid in respect of everyone, but at least so far as is shown it was in fact made ex parte upon the petition of Benjamins' daughter without notice to anyone and without any hearing or the taking of any evidence.

Thus, whatever else may be said of the certificates and order which plaintiff presents, it is entirely clear that according to our conceptions they do not constitute such proof of the death of Benjamins as will deprive defendant of the opportunity of a trial upon that question of fact if defendant be entitled to question the fact of his death. Assuming that the documents constitute evidence of the facts stated therein (*George* v. *Galani,* 218 App. Div. 840), the documents are at most hearsay in respect of the ultimate fact of death.

New York Surrogates quite properly have recognized that the extraordinary conditions in Europe in the last decade compel them to some leniency in respect of the quantity and quality of the proof of death which they will regard as sufficient to justify the issuance of letters of administration or the probate of wills (*Matter of Magre,* 189 Misc. 246; *Matter of Elias,* 189 Misc. 279; *Matter of Jansons,* 189 Misc. 554; *Matter of Grauds,* 189 Misc. 861; *Matter of Hartog,* N. Y. L. J., Sept. 24, 1948, p. 569, col. 3).

But even if, in issuing letters of administration to plaintiff, the Surrogate accepted the documents here presented as sufficient proof of the fact of the death of defendant's depositor (which is not definitely stated but perhaps is a fair inference), that does not entitle plaintiff to summary judgment unless plaintiff's letters and the finding of the fact of death which is implicit in their issuance are conclusive upon defendant.

The real question, therefore, is whether or not the Surrogate's decree awarding letters is conclusive upon defendant.

It is difficult to see how it could be conclusive, because neither defendant nor Benjamins was made a party to or notified of the

application for letters, and hence neither is within the class as to whom section 80 of the Surrogate's Court Act purports to make Surrogates' decrees conclusive, and there was no seizure of any *res* which gave constructive notice or makes the decree binding as one in rem.

In *Carroll* v. *Carroll* (60 N. Y. 121) it was held to be error to charge a jury in an action for dower that the record of the probate of the will of the person whose widow plaintiff claimed to be was conclusive or even prima facie evidence of the death of such person. The opinion contains statements which by themselves would indicate exactly the opposite holding (see p. 123) and an able judge once cited the case as authority for the statement that letters of administration are prima facie evidence of death (*Ruoff* v. *Greenpoint Sav. Bank,* 40 Misc. 549, 550), but the real holding is clear because the judgment was reversed because of the error in the charge, and the opinion as a whole makes it plain that the court intended to lay down the rule that letters testamentary and the proofs of a will before a Surrogate are evidence of death only in proceedings which arise out of the will itself and to which the parties who claim under the will are connected, and that the probate cannot affect or control the interests of parties disconnected with the proceeding before the Surrogate and not within his jurisdiction. Furthermore, the Appellate Division of this department has since cited *Carroll* v. *Carroll* (*supra*) as authority for the statement that proof of the probate of a will or the granting of letters of administration do not establish even prima facie the fact of death (*Marks* v. *Emigrant Ind. Sav. Bank,* 122 App. Div. 661, 664).

In *Roderigas* v. *East Riv. Sav. Inst.* (63 N. Y. 460), decided in 1875, payment of a savings bank deposit to one to whom the Surrogate had issued letters of administration upon the estate of the depositor was held by a bare majority of the court to be a complete defense to an action for such deposit subsequently brought by another person to whom the Surrogate subsequently issued similar letters after revoking those first granted upon proof that when those first letters were granted the depositor was still alive. The opinion specifically states that when called upon by the first administrator to pay the deposit defendant would not have been permitted to litigate the issue whether its depositor was dead or alive; and if that decision were still good law it would seem that the present motion should be granted.

But in *Scott* v. *McNeal* (154 U. S. 34), decided in 1894, the Supreme Court of the United States determined that letters of administration issued by a probate court upon the estate of

one who is in fact alive are absolutely void for want of jurisdiction and give no rights as against him and cannot deprive him of his property, and a judgment giving effect to such letters is an unconstitutional taking of such person's property without due process of law; and since that decision *Roderigas* v. *East Riv. Sav. Inst. (supra)* has been declared overruled (*Matter of Killan,* 172 N. Y. 547, 557; *Marks* v. *Emigrant Ind. Sav. Bank, supra; Ruoff* v. *Greenpoint Sav. Bank, supra; Hutton* v. *Blackburn,* 117 Misc. 434, 437; *Bank of Jamestown* v. *Cattaraugus Co. Bank,* 148 Misc. 655, 656; *Matter of Clemens,* 174 Misc. 1052, 1065).

There are of course numerous cases in which judicial determinations of the existence of a fact the existence of which is essential to the existence of jurisdiction to do something have been held to be valid and binding until reversed on appeal or set aside or revoked in some direct proceeding, which is the principle upon which *Roderigas* v. *East Riv. Sav. Inst. (supra)* was decided; and there also are cases in which judicial determinations have been held binding despite some defect or irregularity in exercising a conceded jurisdiction, and *Roderigas* v. *East Riv. Sav. Inst. (supra)* sometimes has been cited, even since *Scott* v. *McNeal (supra),* as authority for those general propositions (*Wetmore* v. *Parker,* 52 N. Y. 450; *Sisco* v. *Martin,* 61 App. Div. 502; *Kelly* v. *West,* 80 N. Y. 139; *Leonard* v. *Columbia Steam Navigation Co.,* 84 N. Y. 48; *O'Connor* v. *Higgins,* 113 N. Y. 511; *Schluter* v. *Bowery Sav. Bank,* 117 N. Y. 125; *Town of Cherry Creek* v. *Becker,* 123 N. Y. 161; *Power* v. *Speckman,* 126 N. Y. 354; *Bolton* v. *Schriever,* 135 N. Y. 65; *Lapiedra* v. *American Sur. Co.,* 247 N. Y. 25, 30; *Matter of Patterson,* 146 N. Y. 327; *Matter of City of Mount Vernon,* 34 Misc. 225, 229; *Matter of Work,* 76 Misc. 403; *Matter of Leslie,* 92 Misc. 663).

But, however attractive the reasoning that, when applied to for letters, the Surrogate was required to determine and had the authority and duty to determine whether or not the person on whose estate he was asked to grant letters was in fact dead, and having determined that he was dead his determination is conclusive until set aside or reversed, *Scott* v. *McNeal (supra)* requires a holding that such determination cannot be regarded as conclusive as to the man so claimed and determined to be dead and consequently is not conclusive as to defendant which owes the debt to that man and cannot rightly pay to anyone else unless that one be one who has legally succeeded to his rights, which plaintiff has not if Benjamins be still alive.

*Scott* v. *McNeal (supra)* likewise specifically rejects the idea that the Surrogate's decree may be held conclusive upon the

theory that it is, or is in the nature of, a decree in rem; and I do not find that the authority of *Scott* v. *McNeal* (*supra*) has been in any way impaired by any subsequent decision. On the contrary, it has been repeatedly cited with approval. A few pertinent citations of it are *Simon* v. *Southern Ry. Co.* (236 U. S. 115, 122), *United States* v. *Wildcat* (244 U. S. 111, 119) and *Postal Tel. Cable Co.* v. *Newport* (247 U. S. 464, 476).

Plaintiff argues that *Scott* v. *McNeal* (*supra*) is not controlling because Benjamins was a nonresident alien outside the jurisdiction of the United States and the protection of the Fourteenth Amendment consequently does not extend to him. The cases which plaintiff cites do not support that view. On the contrary, it is well established that the guarantees of due process and the equal protection of the laws apply to and protect aliens as well as citizens (*Yick Wo* v. *Hopkins,* 118 U. S. 356, 369; *Truax* v. *Raich,* 239 U. S. 33, 39; *Truax* v. *Corrigan,* 257 U. S. 312, 333, 334; *Terrace* v. *Thompson,* 263 U. S. 197, 216; *Matter of Magnani* v. *Harnett,* 257 App. Div. 487, 491–492, affd. 282 N. Y. 619, certiorari denied 310 U. S. 642; *Martinez* v. *Fox Valley Bus Lines,* 17 F. Supp. 576, 577). Even if it be assumed that the protection of those clauses of the Constitution can be invoked only by aliens who are inhabitants of the United States, it is plain that if Benjamins be alive he might at any time become an inhabitant of the United States and thereupon assert the constitutional rights which *Scott* v. *McNeal* (*supra*) holds are his. Furthermore, the rights with which this case is immediately concerned are the rights of defendant, which is neither an alien nor a noninhabitant. *Scott* v. *McNeal* (*supra*) is controlling. (See 2 Woerner, American Law of Administration [3d ed.], §§ 208–211, where State cases to the same effect are cited and the author's argument to the contrary in an earlier edition is omitted because *Scott* v. *McNeal, supra,* settles the point.) Still further, *Bering* v. *United States Trust Co.* (201 App. Div. 35), *Marks* v. *Emigrant Ind. Sav. Bank* (122 App. Div. 661, *supra*) and *Williams* v. *Post* (158 App. Div. 818) seem equally conclusive against the granting of this motion.

Finally, it does not appear that the will which Benjamins apparently executed has been anywhere admitted to probate, and from that it would seem that plaintiff's ancillary letters were issued without jurisdiction even if Benjamins died at the time and place alleged (*Matter of Armstrong,* 167 Misc. 592, 595; *Matter of Neukircher,* 48 N. Y. S. 2d 868; *Baldwin* v. *Rice,* 183 N. Y. 55; *Matter of Connell,* 221 N. Y. 190).

The motion is accordingly denied.