Mario Pittoni, J.
This proceeding is brought against the Comptroller of the State of New York for an order compelling the return of money paid over to him as abandoned property by the Treasurer of Nassau County.
On December 13, 1959, $460 was deposited in the office of the Nassau County Treasurer to the credit of Elizabeth Jane Cox, an infant, pursuant to an order of the Nassau County Court approving the compromise and settlement of a cause of action brought on behalf of the infant by her father, Paul E. Cox. On August 8, 1963, the County Treasurer transferred the fund, with the interest that had accrued thereon, less his fee and charges, to the State Comptroller as abandoned property.
The father of the infant is now dead, and her mother, who has remarried, commenced this proceeding for an order directing the money be refunded and redeposited in the Roslyn Savings Bank in an account maintained jointly in her name with an officer of the bank, in trust for her child.
The funds transferred to the State Comptroller having been deposited with the County Treasurer pursuant to court order did not constitute abandoned property within the intendment of section 600 (subd. 1, par. [d], cl. [ii]) of the Abandoned Property Law, and the release of the money was erroneously *454 made (De Soye v. Kaplan, 23 A D 2d 560). The respondent, nonetheless, resists returning the money contending: (1) the petitioner lacks standing to institute the proceedings under subdivision 2 of section 1406 of the Abandoned Property Law and CPLR 2606 and 2607 and (2) the court lacks jurisdiction because no guardian has been appointed for the infant and for the reason the deposit was ordered by the County Court. The recurring frequency of this type application requires an examination of the merits of the defenses set forth.
The court rejects respondent’s argument that the procedure for release of the funds is governed by section 1406 of the Abandoned Property Law for the reason the funds are not abandoned property (De Soye v. Kaplan, supra). The only provisions contained in the Abandoned Property Law for recovery of property erroneously paid to the State Comptroller are set forth in subdivision 4 of section 1404. Such provisions relate solely to the return of the funds to the person making the erroneous payment rather than to the person lawfully entitled to the property, and they have no application to this proceeding.
The procedure for obtaining payment, out of court of property paid into court is established by, CPLR 2606. This requires that an order of the court be obtained by motion on notice to all interested persons, or, by a special proceeding. Petitioner, in this instance, chose the latter course, and the court finds such procedure preferable where the court-designated custodian no longer has possession of the funds and is not a party to the application. The petition, furthermore,, was properly brought by the parent of the infant since the necessity for the appointment of a guardian to represent the infant has been eliminated (CPLR 1201). Respondent, in any event, can have no valid objection to the procedure employed as both the CPLR and the Abandoned Property Law (§ 1406) requires an order of the court obtained on notice before a release of property is authorized.
The purpose of CPLR 2606 and 2607 is to prevent a removal of property paid' into court from being surrendered from its custody upon unlawful claims (County of Tompkins v. Ingersoil, 81 App. Div. 344, 347, affd. 177 N. Y. 543). The implication of the statute is that the designated custodian shall hold the property as agent of the court, subject to its further order as to the manner of its eventual disbursement (see, e.g., Gerschon v. Travelers Ins. Co., 276 N. Y. 53, 60). In this respect, the respondent’s argument that the order withdrawing the funds should emanate from the court which directed the property he paid into court is supported by authority (People ex rel. *455 Jenny v. Brown, 83 Misc. 495; Matter of Zirinsky v. Pesce, 188 Misc. 539). The rule, however, can have no application in this case where the County Treasurer has voluntarily relinquished all control over the fund, and .thereby removed it from the. custody of the County Court. Another factor militating against resorting to the County Court is that its custodian, the County Treasurer, is not a party to the present proceeding. Under, the circumstances, the County Court can no longer be considered as retaining exclusive control over the property, and the power of the Supreme Court to assume jurisdiction of a proceeding to compel its return to its lawful owner cannot be questioned (Judiciary Law, § 147-a).
The only remaining question is whether petitioner has sufficiently demonstrated she is the person entitled to the funds. Respondent’s answer denies knowledge or information sufficient to form a belief that petitioner is the mother of the infant and that the infant is the person to whose credit the deposit was originally made. The denials are proper in form only, and such pro forma pleading is generally insufficient to create a triable issue unless buttressed by an evidentiary showing that there are reasonable grounds for believing that the statements denied are false. A party cannot be subject to the burden of a trial when in truth there is nothing to be tried (cf. Richard v. Credit Suisse, 242 N. Y. 346, 350). Although the provisions of CPLR 2606 and 2607 are silent on the degree of proof which must be submitted to authorize a payment out of court, the requirement that petitioner show she is the person entitled to payment remains unchanged (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2606.04, p. 26-38). Petitioner, on the other hand, is not to be put through an onerous and expensive proceeding to regain property which the State Comptroller has erroneously obtained. In this case, the infant’s father has died, and her mother has remarried, and under such circumstances, in addition to annexing a copy of the original order of the County Court as required (CPLR 2606), petitioner should also have annexed an affidavit from the 17-year-old infant certifying petitioner is her mother and that she is the person entitled to the property.
The petition is granted on condition petitioner submits proper papers. Petitioner shall submit a copy of the original County Court order and the required affidavit within 10 days after this decision. Serve copies of these documents on respondent.
This procedure is followed because too much time is wasted on technical procedures in our courts to the detriment of justice.