JOHN BERING, as Administrator, etc., of FRITZ BERING, Deceased, Appellant, v. UNITED STATES TRUST COMPANY OF NEW YORK, Respondent, Impleaded with EBERHARD SCHMIDT and Others, Defendants.

First Department, April 21, 1922.

Trusts — action by administrator of beneficiary appointed on presumption of death from absence to compel trustee to pay over income to date of death of beneficiary — decree of Surrogate's Court granting letters not prima facie evidence of death nor adjudication as to exact date of death — beneficiary or executor or administrator thereof necessary party — defendant entitled to have supplemental summons issued directed to beneficiary, and if dead, to executor or administrator and his heirs and next of kin and to have complaint amended accordingly and summons served by publication.

The decree of a Surrogate's Court granting letters of administration on the estate of a person who has been absent for seven years, based on the presumption that he is dead, is not *prima facie* evidence of the death of the intestate, nor is said decree an adjudication with respect to the time of his death.

Accordingly, in an action by an administrator appointed on the presumption of the death of the intestate, against a trustee of a trust under which the intestate was the beneficiary, to recover the amount due to the intestate up to the time of his death, the defendant is entitled to have a supplemental summons issued directed to the intestate or, if dead, to his executor or administrator, and to have the complaint amended accordingly, and the summons served by publication.

In such an action it will be necessary for the administrator to establish either the fact and date of the intestate's death, or facts from which can be determined the time when the presumption of death did arise.

A judgment in the action directing the payment of accumulated income and a distribution of the principal of the trust fund would not protect the trustee unless the said beneficiary, the intestate, is made a party or, if dead, his executor or administrator is made a party to the action, for the trust fund cannot be distributed unless the persons interested therein are parties to the action.

APPEAL by the plaintiff, John Bering, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of March, 1922, granting the motion of the defendant United States Trust Company of New York that a supplemental summons be issued and served by publication, and that the complaint be amended.

*Francis B. Chedsey* of counsel, for the appellant.

*Stewart & Shearer* [*Carrington G. Arnold* of counsel], for the respondent.

PAGE, J.:

John Stemme, by his last will and testament, created a trust fund, the interest on which he directed to be paid to Fritz Bering monthly during his life, and, upon his decease, the principal sum to be paid to the nephews and nieces of John Stemme living at the time of John Stemme's death, excepting Fritz Bering. The trustees paid to Fritz Bering the interest on said fund until March, 1914, at which time Fritz Bering disappeared, and his whereabouts are unknown.

John Bering, the brother of Fritz Bering, applied to the Surrogate's Court of New York county for letters of administration of the estate of Fritz Bering, and the same were granted on April 28, 1921, on the presumption of Fritz Bering's death, arising from his absence for more than seven years. As such administrator, John Bering brings this action, demanding that the trustee account for the moneys received by it and the income which it derived, or by due diligence could have derived therefrom, to the date of the death of Fritz Bering; and that the day of his death be determined; and that all of said income to that date be paid to the plaintiff, less lawful commissions and expenses. The defendant trust company, the trustee named in the will of John Stemme, answered, denying any knowledge or information of the death of Fritz Bering or of the other matters in the complaint alleged in relation thereto, except that it admits the making of the decree granting letters of administration; and it denies any knowledge or information of the nephews and nieces of John Stemme, and pleads as a defense that no judicial settlement of its account has ever been rendered by it, and demands that its accounts, as trustee, be judicially settled, and that the rights of the parties be determined.

The trust company has obtained the order from which this appeal was taken, that a supplemental summons be issued by the plaintiff directed to Fritz Bering, and, if he be dead, to his executors or administrators appointed by any court in any jurisdiction, and his heirs at law and next of kin, and that the complaint be amended accordingly, and that the supplemental summons be served by publication.

The appellant contends that the decree of the Surrogate's Court adjudged that Fritz Bering was dead, and that the order under consideration, in legal effect, requires the plaintiff to contradict that decree and the validity of his own appointment as administrator.

In this he is mistaken. We have recently considered the scope and effect of a decree of the Surrogate's Court, appointing an administrator of an absentee's estate, in a case that has escaped the notice of the counsel on this appeal. (*Matter of Rowe*, 197 App. Div. 449; affd., 232 N. Y. 554.)

It may be taken as settled that letters of administration are not *prima facie* evidence of the death of the intestate. The decree of the Surrogate's Court granting the letters merely decides that, for the purpose of administration of the estate, Fritz Bering, under the laws of the State, was presumed to be dead. (See Code Civ. Proc. § 841; now Civ. Prac. Act, § 341.) In no event is it an adjudication with respect to the time of his death. For the purposes of that proceeding it was sufficient that he was presumed to be dead before the decree was entered. In this case it will be necessary for the administrator to establish either the fact and date of Fritz Bering's death, or facts from which can be determined the time when the presumption of death did arise.

If Fritz Bering is living, a judgment in this action directing the payment of the accumulated income, and a distribution of the principal of the trust fund would not protect the trustee, unless Fritz Bering is made a party.

The proceeding for letters of administration is of necessity *ex parte* as to the alleged intestate, and unless he was made a party to this action and a distribution of the fund was made, he would be deprived of his property without an opportunity to be heard, which would render the judgment void, as in violation of section 1 of the Fourteenth Amendment of the Constitution of the United States. (*Scott* v. *McNeal*, 154 U. S. 34; *Matter of Killan*, 172 N. Y. 547, 557; *Lavin* v. *Emigrant Industrial Savings Bank*, 18 Blatchf. 1, 24; *Marks* v. *Emigrant Industrial Savings Bank*, 122 App. Div. 661.)

The trust fund cannot be distributed unless all persons interested therein are made parties. It was proper, therefore, for the court to order Fritz Bering to be summoned, or, if he in fact should be dead, for his executors or administrators and his heirs at law and next of kin to be served with process. (Civ. Prac. Act, § 193.) Service by publication will give the court jurisdiction to make a valid, binding judgment as against those thus served. (See Civ. Prac. Act, §§ 220, 232 *et seq.;* Rules of Civil Practice, rules 50–53.)

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.