HELEN FULD DWELLE, Plaintiff, *v.* CENTRAL UNION TRUST COMPANY OF NEW YORK, Defendant, Impleaded with ROBERT W. ALLEN, Appellant.

GEORGE GORDON BATTLE and Another, Respondents.

First Department, November 27, 1925.

Parties.— action to impress trust on securities — securities were deposited with defendant trust company under agreement that income should be paid to plaintiff and that securities should remain property of creator of trust subject to orders of respondents — securities were given by owner to appellant to make deposit and part were returned and are in possession of executrix of owner who claims all securities and income — appellant pleads no interest and asks that executrix be brought in as party defendant — plaintiff does not object — if action is to impress trust beyond wording of agreement then executrix is necessary party under Civil Practice Act, § 193, subd. 1 — if written instrument only is relied on then executrix is proper party.

In an action in equity to impress a trust on certain securities deposited with defendant trust company, under an agreement that the income should be paid to the plaintiff and that the securities should remain the property of the person creating the trust subject to the order of the respondents, in which it appears that the securities were delivered to the appellant by the owner for deposit and were deposited by him but that subsequently some of them were returned to the owner and are now in the possession of his executrix, the application by the appellant to bring in the executrix of the owner as a party defendant, which application was not objected to by the plaintiff, should have been granted, for, if the action is to impress a trust upon the securities in question beyond the wording of the trust agreement, then the executrix is a necessary party, within subdivision 1 of section 193 of the Civil Practice Act, in order that a complete determination may be made, since it appears that the executrix claims the right not only to the securities in her possession but also to the securities still on deposit with the trust company and to the income therefrom, and under these circumstances, if she is not made a party to the action a judgment directing payment of the income and the withholding of the principal from her would not protect the trustee from an action by her.

If the action is to impress a trust upon the securities, within the terms of the written instrument, the executrix is at least a proper party, since she has a

vital interest in the subject-matter of the action whether the same be regarded as the corpus of the trust or the income thereof, or both.

Furthermore, since the plaintiff does not object to bringing in the executrix as a party defendant, the respondents cannot so object, particularly since they have not shown that they would be prejudiced by the presence of the executrix as a defendant.

APPEAL by the defendant, Robert W. Allen, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of July, 1925, denying said defendant's motion to bring in Ellen J. Allen, as executrix, etc., of Nathan Allen, deceased, as a party defendant.

*Thomas F. Dougherty* [*Sewell T. Tyng* of counsel; *Douglas R. Gray* with him on the brief], for the appellant.

*Battle, Vandiver, Levy & Vantine,* for George Gordon Battle, and *George Auchincloss,* for H. Snowden Marshall [*Martin Conboy* of counsel; *David Asch* with him on the brief], for the respondents.

FINCH, J.:

This is an application in an equity action by one defendant to join a third party as a defendant, so as to obtain cross relief. Neither the plaintiff nor the third party objects. Objection is made by two other defendants, but no attempt is made by the objectors to show prejudice. The facts, in so far as necessary to show the basis of this decision, are briefly as follows:

The complaint alleges that one Nathan Allen deposited with the defendant Central Union Trust Company, in trust for the use of the plaintiff, 300 shares of Union Pacific stock, upon the agreement that the said stock was to remain the property of the defendant Robert W. Allen, and to be used on the order of the defendants H. Snowden Marshall and George Gordon Battle; that the securities were placed by the Central Union Trust Company in a special account, the dividends therefrom collected, and $150 a month paid plaintiff pursuant to the aforesaid agreement; that Nathan Allen has recently died, and the defendants have refused to make any further payments to the plaintiff or to make any provision whatsoever for her support. The complaint further alleges that during his lifetime Nathan Allen had harbored the plaintiff, provided for and supported her, and had created a life annuity for plaintiff by the aforesaid trust agreement; that it was agreed that said life annuity was not to terminate upon the death of Nathan Allen, but was to continue for the remainder of plaintiff's natural life. The prayer for relief is that " this Court will adjudge that the said defendants who have received and held

the property, the income of which plaintiff has for a long time received, to pay therefrom to this plaintiff, such sum as may be so determined to be a fair and proper provision for plaintiff's support, as aforesaid; that said defendant Central Union Trust Company of New York may be adjudged to pay the same to this plaintiff, and that it may also be adjudged to pay to this plaintiff an amount which shall equal the sums to which this plaintiff was entitled as aforesaid, under such trust agreement, since the death of the said Nathan Allen, with interest, and that this plaintiff have such other and further relief in the premises as may be just and equitable, with the costs and disbursements of this action."

The defendants Marshall and Battle allege by way of defense in their answers that it was the agreement that the payments to plaintiff might be discontinued at any time and that the trust should terminate upon the death of Nathan Allen, and that the plaintiff has released Nathan Allen of all claims. To this plaintiff replies that the release was obtained by fraud and duress.

The defendant Robert W. Allen alleges in his answer by way of defense that he received from Nathan Allen 300 shares of common stock of the Union Pacific Railway Company and $500 in cash; and that, notwithstanding these certificates and cash were deposited by him with the Central Union Trust Company as his property and subject to his withdrawal, they were and continued to be the property of Nathan Allen, and upon the death of Nathan Allen his executrix became the owner thereof; that Robert W. Allen has not now and never had any right, title or interest therein; that after making the aforesaid deposit, at the request of Nathan Allen, Robert W. Allen withdrew from the Central Union Trust Company 100 shares of the securities and delivered the same to Nathan Allen, and that the same are now in the possession of his executrix; that after the death of Nathan Allen, at the request of his executrix, Robert W. Allen demanded and received from the Central Union Trust Company the remaining 200 shares of common stock of the Union Pacific Railway Company and $1,085.88 in cash, which, however, he thereafter returned to the trust company with a letter stating in part as follows: " Adverse claims to the ownership of said stock and cash have been made by one Helen Dwelle and also by representatives of the estate of Nathan Allen, deceased. I claim no ownership in the property herewith deposited, but I request you to hold the same, collect the income thereon, and hold the fund and its income until it shall be determined by court judgment or order who is the person legally entitled thereto, and then dispose of the same as directed by the Court."

It is further alleged by the answer of Robert W. Allen that the

executrix of the estate of Nathan Allen has an interest in the property involved, and also that Robert W. Allen has incurred certain expenses and been compelled to pay out sums of money on account of the care and administration of the aforesaid property.

Robert W. Allen, in addition to asking for the dismissal of the complaint, demands judgment that the executrix of the last will and testament of Nathan Allen be brought in as a party defendant, and that he recover the amount of damages sustained by him on account of the premises.

From the above facts as alleged by the plaintiff, coupled with her prayer for relief, it would seem as if the plaintiff were endeavoring to impress a trust upon the securities in question beyond the wording of the trust agreement. Whether the plaintiff can succeed in so proving is not now before us. In this aspect of the claim, however, the executrix of Nathan Allen sought to be brought in would be a necessary party to a complete determination of the action, and must be brought in. (Civ. Prac. Act, § 193, subd. 1, as amd. by Laws of 1923, chap. 250.) The facts above set forth also show that this executrix has in her possession a portion of the securities which are the subject of the plaintiff's action, so that on this ground, also, she would be a necessary party. Moreover the plaintiff's action involves the income of a trust fund during the life of the plaintiff. The executrix of Nathan Allen claims the ownership and the right to immediate possession of this fund. Said executrix, therefore, is a necessary party to the action, since a judgment in the action directing payment of the income and the withholding of the principal from the executrix would not protect the trustee from an action by the executrix unless she were a party to this action. (*Bering* v. *United States Trust Co.*, 201 App. Div. 35.) In this latter case an action was brought by an administrator of a person presumed to be dead against a trustee of a trust under which the alleged deceased was the beneficiary, to recover the amount due said deceased up to the time of his death. It was held that the defendant was entitled to have the alleged deceased, or his executor or administrator, brought in as a party defendant, the court saying (p. 37): " If Fritz Bering is living, a judgment in this action directing the payment of the accumulated income, and a distribution of the principal of the trust fund would not protect the trustee, unless Fritz Bering is made a party. * * * The trust fund cannot be distributed unless all persons interested therein are made parties."

Even if the complaint be read as relying solely upon impressing a trust arising out of the written agreement, and the executrix of Nathan Allen be held not a necessary party, still she has a vital

interest in the subject-matter of the action, whether the same be regarded as the corpus of the trust or the income thereof, or both, as would seem to be the case, and hence is a proper party in any event.

As was said by Houghton, J., in *Mawhinney v. Bliss* (124 App. Div. 609, 612; affd., 194 N. Y. 590): " While the rules of pleading in equity are the same in form as those in actions at law, they are broader and more elastic by reason of the character of the relief which may be desired and given, and, as a general rule, all persons materially interested in the subject-matter of such a suit are proper parties to it, to the end that there may be a complete decree binding upon all."

A court of equity has always had power, irrespective of the statutory practice acts or other statutes, to permit the joinder of proper parties. In the case at bar the joinder of the executrix will prevent the hazard of a double recovery against Robert W. Allen. If the estate of Nathan Allen is not made a party, said estate would not be bound in the adjudication, and Robert Allen might conceivably be subject to a double recovery irrespective of whether the suit is upon the trust agreement or not, first by the plaintiff and again by the executrix as the owner of the securities. Also, in addition to this possible suit, Robert W. Allen would have to bring a suit against said executrix to enforce his rights as prayed for in his answer asking cross relief. To this suit the defendants, respondents, would be proper parties.

In addition, as noted, the plaintiff interposes no objection to the joinder of the executrix. If the plaintiff objected, a different question entirely would be presented. It does not lie, therefore, with the respondents to object to the bringing in of the executrix as a party defendant to the action. Particularly is this so where, as here, the respondents have not shown how they are prejudiced by the presence of the executrix. No affidavit on behalf of the defendants, respondents, appears in the record.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Clarke, P. J., Dowling, McAvoy and Martin, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.