In the Matter of the Estate of JOSEPH F. CRATER, an Absentee.

Surrogate's Court, New York County, June 8, 1939.

*Emil K. Ellis*, for the petitioner.

*Tenzer, Greenblatt, Fallon & Kaplan*, for Frank E. Crater and Lelia Crater.

FOLEY, S.   The will of the absentee has been offered for probate. It is alleged in the petition that the absentee disappeared on August 6, 1930, under such circumstances as to afford reasonable grounds to believe that he is dead.   A determination is sought that the absentee is dead under the presumption applied after the lapse of the seven-year period from the date of disappearance.   Citation has been duly issued to him and service made by publication, pursuant to sections 58 and 140 of the Surrogate's Court Act.

For a brief time prior to his disappearance the absentee was a justice of the Supreme Court residing in the county of New York, holding that office by appointment.   He was last seen on the evening of August 6, 1930.   On that evening he took dinner with a friend, who was a lawyer, at a restaurant in New York city. After dinner the absentee departed alone in a taxicab.   From that moment no trustworthy person has been known to have heard from or seen him.   His friend testified that the absentee indicated during the course of the dinner he intended to leave that evening by train for Belgrade Lakes in Maine, where he had a summer residence and where his wife was then residing.   Neither the wife nor the parents of the absentee have ever received any communication directly or indirectly from him during the period of eight years and ten months since he was last seen.   The most widespread publicity was given through the newspapers and magazines of this country to the circumstances surrounding his disappearance not only at the time but over the period of years that has elapsed.   It has been shown by the evidence that the police department of the city

of New York distributed thousands of circulars with his photograph and accurate description of him. These circulars were sent to police officials throughout the United States, Canada, South America, the West Indies and the countries of Europe. In addition, they were sent to hospitals, steamship companies and very many public and private agencies. A continued investigation has been conducted by the bureau of missing persons of the police department of the city of New York covering a period of almost nine years. No trustworthy clue to the existence or whereabouts of the absentee has been developed. Investigation of literally thousands of communications as to his alleged existence has been made by the bureau and the police department generally and by the police officials of many places throughout the world. Additional investigation has been made as to the possible identification of dead bodies found in various localities as being that of the absentee. Every one of these investigations has turned out fruitless.

Under the law of this State there is " the general presumption that a person who has been continuously absent from his home or place of residence, and unheard from or of by those who, if he had been alive, would naturally have heard of him, through the period of seven years, is dead." (*Butler* v. *Mutual Life Ins. Co.*, 225 N. Y. 197, 203.) The presumption of death, which is drawn where the evidence warrants it, is an arbitrary one rendered necessary upon grounds of public policy in order that rights depending upon the life of one long absent and unheard of may be settled. (Richardson on Evidence [5th ed.], p. 45.) Differently stated by the Court of Appeals in the *Butler* case (*supra*): " The presumption is the offspring, created by the courts, of the statutes enacted centuries ago providing that a tenant of real estate for life, or a husband or wife, who had been under a continuous and unexplained disappearance for a designated number of years, should be presumed to be dead." It is the further rule in this class of cases that before the court is justified in presuming the death of a person at a designated time, because of his absence, the proof should remove the reasonable probability of his being alive at that time. The presumption is not applied where it is improbable that there would be any communication with those who ordinarily would receive it.

It should be stated also that in this class of cases there is a lingering possibility of the discovery of the existence of the absentee many years after the disappearance, or even after an adjudication of death based upon the presumption. In certain cases the determination upon the evidence is for the trier of the facts as a mixed question of law and fact. In other cases where the evidence is without contradiction and is not susceptible of conflicting infer-

ences, the trial court must determine the fact of death based upon the presumption as a question of law. (*Butler* v. *Mutual Life Ins. Co., supra*, at p. 204.)

In the present case the evidence requires the application of the presumption and the finding of the death of the absentee. (*Butler* v. *Mutual Life Ins. Co., supra; Matter of Board of Education*, 173 N. Y. 321; *Matter of Wagener*, 143 App. Div. 286; *Matter of Katz*, 135 Misc. 861.) The prominent position which he held, his expectation of election as a Supreme Court Justice at the general election of 1930, his failure to communicate with his wife and his parents and the very comprehensive but unsuccessful investigation made throughout the world by official agencies, all support that conclusion.

Complete the proofs as to the execution of the will and submit decree in accordance with this decision, finding the fact of death under the presumption and admitting the will to probate.