In the Matter of the Application of MARION P. NORTON, Respondent.

CORN EXCHANGE BANK TRUST COMPANY, as Trustee, Appellant.

First Department, February 21, 1946.

*Paul G. Reilly* of counsel (*John H. Finn* with him on the brief; *Earle & Reilly*, attorneys), for appellant.

*Ruth Lewinson* of counsel (*Lewinson & Lewinson*, attorneys), for respondent.

TOWNLEY, J. This is a proceeding brought by Marion P. Norton, a resident of Middletown, N. J., for an order directing the trustee of a trust of $25,000 to pay the accumulated and the accruing income over to her as the wife of the life beneficiary. The settlor, now deceased, set up the trust for the benefit of Allen T. Norton, his brother. The life beneficiary was divorced from his first wife who had an interest in the trust so long as she remained the wife of Allen T. Norton. It is alleged that at

the present time the petitioner is the ultimate beneficiary of the principal of the trust under an existing will made by the life beneficiary. Service was attempted to be made on the life beneficiary by giving notice to him at his house, although it was known by all parties that he was not to be found there. No notice was given to the representatives of the settlor's estate. According to the petitioner, Allen T. Norton left his home at Middletown, N. J., on January 3, 1945. He has not been heard of since and he apparently has not attempted to use any of the money in his trust fund or in his bank account. Petitioner affirms her belief that her husband is alive and declares that she has no knowledge of his whereabouts.

While this court has jurisdiction of the trust *res*, payments cannot be directed to be made from it without notice being given to the life beneficiary. Aside from the wife, who alleges that she has ultimately a substantial interest, owing to the exercise of a power of appointment, the legal representatives of Edward L. Norton have a reversion in the absence of a complete exercise of power of appointment by the life beneficiary. Until the probate of a will the presumptive reversioner is also a necessary party to any proceeding herein.

This court held under similar circumstances in *Bering* v. *United States Trust Co.* (201 App. Div. 35) that it would be necessary either to establish the fact of the beneficiary's death or facts from which it might be determined when the presumption of death arose, if any. The court continued: " The trust fund cannot be distributed unless all persons interested therein are made parties. It was proper, therefore, for the court to order Fritz Bering to be summoned, or, if he in fact should be dead, for his executors or administrators and his heirs at law and next of kin to be served with process. (Civ. Prac. Act, § 193.) Service by publication will give the court jurisdiction to make a valid, binding judgment as against those thus served."

The same result was reached in *Dwelle* v. *Central Union Trust Co.* (214 App. Div. 424) where a person claimed to be an income beneficiary.

In view of the fact that Mrs. Norton is not a resident of this State and is not likely to become a public charge, no proceeding such as that followed in *Coler* v. *Corn Exchange Bank* (250 N. Y. 136, affd. *sub nom. Corn Exch. Bank* v. *Commissioner*, 280 U. S. 218) may be taken. But if it were taken, the amendment to the law which was made after the decision of the Supreme Court of the United States requires notice by publication to the life tenant (see Code Crim. Pro., § 922-a).

The order should be reversed, without costs, and the motion denied.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Order unanimously reversed, without costs, and the motion denied. Settle order on notice.