Reid S. Moule, J.
This is an application, made without notice to the defendant, for an order of this court sequestering the defendant’s property and appointing the plaintiff receiver thereof. The request is made under the provisions of section 1171-a of the Civil Practice Act. It is based upon the summons and complaint herein in an action for a separation and the affidavit of the plaintiff, Bennette C. Germain.
The plaintiff simultaneously sought an order of this court directing that the service of the summons in the action be made by publication in The Buffalo Evening News and The Courier-Express. It is made under the section 232 of the Civil Practice Act, upon the summons and complaint and the affidavit of Edwin F. Jaeckle. There is nothing unusual about such a motion. It is granted.
We shall now concern ourselves with the motion for sequestration and the appointment of a receiver. Section 1161 of the Civil Practice Act, states when actions for separation are maintainable. One of the grounds is set forth in subdivision 3 permitting the maintenance of such an action upon a showing of: “ The abandonment of the plaintiff by the defendant ”.
Then referring to section 1171-a of the Civil Practice Act, we see that it provides in substance that in various actions, among them being one for a separation, a receiver may be appointed of . the defendant husband’s property, within the State, without notice to him. The section provides, however, that there must be a showing that: ‘1 the defendant is not within the state, or cannot be found therein, or is concealing himself therein, so that process cannot be personally served upon him ”. If those facts are established, it states the court may sequester his property and the income therefrom. It provides that the court may direct that the property and income, in whole or in part, be applied as the interests of justice may require. It specifically states that it may be used for the support of the wife and that she may be appointed receiver.
*403 The complaint alleges that the plaintiff and defendant were married September 17, 1913 at Port Arthur, Texas, and that they have since 1923 been domiciled in New York State. The plaintiff states that she is presently residing at 33 Gates Circle, Buffalo, New York, and that the defendant at all times from the date of his marriage until June 11, 1959 resided with her. It recites that there is but one child of the marriage, Edward B. Germain, Jr., who is of full age and does not live with either the plaintiff or the defendant.
The plaintiff further claims in the complaint that the defendant on June 11, 1959 left the home maintained by them and abandoned her without justification; that he has failed to return and that he has failed and neglected to provide for her support.
Bennette C. Germain in her supporting affidavit, presented to the court, restates many of the facts alleged in the complaint, and in addition states that the plaintiff and defendant, in addition to maintaining a home at 33 Gates Circle, Buffalo, New York, maintained a Summer residence at Bay Beach, Ontario, Canada. She recites that on the night of June 11, 1959 the defendant attended a dinner at the Buffalo Club in Buffalo, New York; that following this dinner, he was last seen on Trenton Avenue, Buffalo, New York, driving his automobile. She states that he has not been seen since nor has he communicated with her or anyone else to her knowledge, nor has he made any attempt to provide for her support.
She adds that upon his failure to return to their home, she notified the Buffalo and Canadian police who put out a general alarm through New York State, the adjoining States and in Canada. She says that she subsequently offered a $10,000 reward for information leading to the whereabouts of her husband which offer terminated July 31, 1959, and that the offer was not productive of any information. She recites that on August 11,1959, according to an article published in The Buffalo Evening Netos, Police Commissioner Felicetta of the City of Buffalo was quoted as saying “We know as much about this case (my husband’s disappearance) now as we did two months ago, and that’s nothing ”. She adds that her husband supported her and that he disappeared leaving no provisions for her support.
The plaintiff recites that defendant has various bank accounts and one or more safe-deposit boxes; that he is the owner of various stocks and bonds and other securities located in New York State. She further claims that she is in possession of a copy of his last will and testament wherein, aside from some *404 specific bequests not exceeding $30,000, the defendant named her as beneficiary of the remainder of his estate.
Plaintiff’s affidavit thereafter recites various reasons necessary for the sequestering of defendant’s property and the appointment of a receiver.
The application for the order sequestering the defendant’s property and appointing the plaintiff receiver is granted. Before becoming effective, however, the plaintiff shall comply with the conditions hereinafter stated.
If the situation here were different in some respects, the court would not grant such an order concerning the property of one who has disappeared. Let us assume, for instance, that the person who disappeared left no spouse. There are many instances in which an order of sequestration and for the appointment of a receiver could not be granted. In such cases the property and income of the disappeared person would, in all likelihood, not be properly taken care of, at least by one with authority and responsibility and subject to accountability to the court.
There is a total absence of law providing for the appointment of someone to act as conservator of the assets and income of one who has disappeared and cannot be proved dead except for section 1171-a of the Civil Practice Act. Some means should be provided by the law to protect such person’s property and income for himself and his family.
This court has not overlooked section 119 of the Surrogate’s Court Act, which provides in subdivision 2 that letters of administration may be issued where a person of whose estate the Surrogate would have jurisdiction if he were shown to be dead or disappeared “ under such circumstances as to afford reasonable ground "to believe that he is dead ”.
Nor has it overlooked subdivision 3 of section 144 of the Surrogate’s Court Act, which provides that a will may be admitted to probate of a person whose estate the Surrogate would have jurisdiction if he were shown to be dead and who has “ disappeared under such circumstances as to afford reasonable ground to believe that he is dead ”.
Nor has it overlooked subdivision 2 of section 126 of the Surrogate’s Court Act, which provides that a temporary administrator may be appointed “ Where a person of whose estate the surrogate would have jurisdiction, if he were shown to be dead, disappears or is missing * * * so that, after diligent search, his abode cannot be ascertained, and under circumstances which afford reasonable ground to believe that he is dead, or that he has become a lunatic, or that he has been secreted, *405 confined, or otherwise unlawfully made away with or that he has been made a prisoner of war or has been detained or interned by an enemy country or in an enemy-occupied country ”.
The mere fact of defendant’s disappearance is not enough basis for a judicial determination that the defendant is dead. A reading of the foregoing statutes shows he must have disappeared under circumstances which reasonably lead to the conclusion that he is dead. He is presumed to be alive. See Mottla, Proof of Cases in New York (§ 266) which states: ‘ ‘ Where it appears that a person was alive at a certain time, the presumption is of continuance of life for a reasonable time thereafter, or until it would be contrary to the ordinary course of nature that he should be alive at a subsequent time.” (Also, see, Young v. Shulenberg, 165 N. Y. 385.)
The circumstances of the disappearance must indicate death and be inconsistent with his being alive. While the defendant here may be dead, the circumstances under which he disappeared are not inconsistent with his still being alive. He could be either. The presumption of life must, therefore, control.
The court believes that consideration should be given to amending the New York State law to provide for the appointment by the court of a conservator of the property of one who disappears voluntarily or involuntarily and cannot be proved dead, seen or heard of. Massachusetts has made such a provision. “If one having property in Massachusetts has disappeared or absconded from the place where he was last known to be, and has no agent in Massachusetts, and it is not known where he is, or if such person has so disappeared without providing for his wife or minor children dependent upon him for support, and it is not known where he is, or if it is known that he is without the state, anyone who would be entitled to administer upon his estate, if he were deceased, or, if there is none such, then any suitable person may file a petition in the probate court for the county where any such property is, stating facts of disappearance and a schedule of the property, real and personal, and asking for a receiver, (c. 200, § 1). A warrant is issued directing a sheriff or his deputy to take possession of property named in the schedule, which warrant is posted and recorded, (c. 200, § 2). After notice by publication, posting and mailing (c. 200, §§ 3, 4), including notice to the State Treasurer (c. 200, § 1), a receiver may be appointed (c. 200, §5). After the receiver’s bond has been approved, the court may order all property of which possession has been taken under the warrant to be transferred to the receiver (c. 200, § 6) and upon court order such receiver may take possession of addi *406 tional property, collect debts due the absentee, sell, lease and invest property, and pay charges incurred in support of absentee’s wife and minor children and also such debts as may be proved against the absentee (c. 200, §§ 7, 9-11; 1941, c. 399). ” (See Martindale-Hubbell, Law Directory [1959 ed.], Vol. IV, Massachusetts Law Digest, Absentees.)
This court, by sending copies of this opinion to the New York State Law Revision Commission, New York State Bar Association and Erie County Bar Association, is suggesting that remedial legislation be enacted.
The court appreciates that the plaintiff’s emotions may be against starting an action for separation. The plaintiff undoubtedly feels her husband did not abandon her of his own volition. Plaintiff, presumably, is seeking the protection of section 1171-a of the Civil Practice Act, for herself and her husband’s estate at the suggestion and upon the advice of her attorneys. The court is of the opinion that she is well advised to seek this protection.
Not to act would be foolhardy. Defendant’s stock and bond investments must be protected. Stock rights and options may have to be exercised and dividends and coupons collected and deposited. Access should be had to defendant’s safe-deposit box. Any real estate defendant owned should be cared for, real estate taxes, insurance premiums and maintenance bills should be paid.
Federal and State income tax returns should be prepared and filed or defendant’s estate may suffer heavy interest and penalty charges.
Unless a receiver is appointed, none of these things can be done by anyone with authority. The court consequently appoints the plaintiff receiver upon her filing proof satisfactory to this court that she can and will answer to defendant or his estate for any neglectful or wrongful act on her part and that she will properly administer his affairs. She shall satisfy the court that she is financially able to indemnify the estate for any failure to do so, to the extent of $250,000. The plaintiff must also obtain a surety, individual or corporate, in a like amount to be approved by the court.
Upon this condition being met, plaintiff shall be vested with all the powers and duties of a receiver under section 1171-a of the Civil Practice Act. The plaintiff shall account to this court for all of her acts and duties.
The plaintiff may apply to the court for further advice and direction. An order may be entered accordingly, without costs.