Leonard N. Cohen, J.
The issue of law to be decided is whether, when a party is "missing”, the testimony of a prior communication with him is inadmissible under the "Dead Man’s Statute”.
*606 In the case herein, the defendant’s son has been absent for a period of some three years. The only negative “proof’ of death is that the defendant has been granted temporary letters of administration. Whether this constitutes conclusive evidence of death for all purposes is at issue here.
The plaintiff, who sues for legal fees, seeks to testify as to his own conversations and transactions with the absentee and, of course, contends that his testimony is admissable. The defendant, relying on the death, or constructive death of the absentee, claims that conversations with him are barred under the “Dead Man’s Statute” in the trial of this action.
The pivotal statutory provision, the “Dead Man’s Statute” (CPLR 4519) provides: "Upon the trial of an action * * * a party * * * shall not be examined as a witness in his own behalf or interest * * * against the executor, administrator or survivor of a deceased person or the committee of a lunatic * * * concerning a personal transaction or communication between the witness and the deceased person or lunatic”.
The defendant was appointed temporary administratrix of the estate of her son upon the Surrogate’s finding him to be an “absentee” since 1972, pursuant to SCPA 901 (subd 2).
Notwithstanding the unambiguous, statutory language of CPLR 4519, defendant relies on an opinion by Surrogate Wingate (Matter of Enggren, 174 Misc 194), claiming that under section 347 of the Civil Practice Act, the identical predecessor of CPLR 4519, and under subdivision 2 of section 126 of the Surrogate’s Court Act, the predecessor of SCPA 901 (subd 2), the Surrogate judicially determined an "absentee” to be deceased thus barring plaintiff from testifying as to a personal transaction or communication with the absentee. That case dealt with an absentee defaulting husband, missing for 35 years, and obligated to support his wife during his life, and through his estate, if dead. The Surrogate noted, in fact, that “Were he here present, her right to recover against him, to the extent of this fund, would be uncontrovertible. * * * If he is dead, the fund belongs to her in any event as his distributee.”
The Enggren decision was arrived at by a finding that the testimony admitted was not excluded by the “Dead Man’s Statute”, as the wife merely testified, not to a personal communication or transaction with the deceased, but that “she had been supporting herself.”
*607 For the aforesaid reasons the Enggren case is clearly distinguishable.
Surrogate Wingate, in Matter of Enggren (supra), however alluded to the claimant’s incompetency to testify under the "Dead Man’s Statute.” This ruling is of no binding effect here.
Under subdivision 2 of section 126 of the former Surrogate’s Court Act, governing Matter of Enggren (supra), prima facie proof of an adjudication of death could be logically drawn from such statutory language providing for appointment of a temporary administrator of a missing person under "circumstances which afford reasonable ground to believe either that he is dead, or * * * a lunatic * * * 0r * * * secreted, confined, or otherwise unlawfully made away with”. However, SCPA 901 (subd 2) in 1967 substantially revised subdivision 2 of section 126 of the Surrogate’s Court Act, as to the terms under which temporary administration is granted, by establishing three clear, distinct and separate estate categories; namely, a decedent or a person alleged to be dead; an absentee; or an internee. The definition of an absentee under SCPA 901 (subd 2) is a person who "disappeared and is absent from his place of abode without being heard of after diligent inquiry.” The appointment as a temporary administrator of the estate of an absentee pursuant to this section does not require allegations or findings of death or reasonable belief of death. The decree merely fixes the date the absentee was last seen or heard of.
It is settled law in New York that mere absence from one’s abode or disappearance is an insufficient basis upon which a judicial presumption of death may rest. (Matter of Schoonmaker, 160 Misc 810, affd 254 App Div 833; Matter of Katz, 135 Misc 861; Matter of Crater, 171 Misc 732; cf. 33 Brooklyn L Rev 428.) In Germain v Germain (31 Misc 2d 401), the court stated "the circumstances of the disappearance must indicate death and be inconsistent with his being alive. While the defendant here may be dead, the circumstances under which he disappeared are not inconsistent with his still being alive. He could be either. The presumption of life must, therefore, control.”
Letters of administration are not prima facie evidence of death but merely establish the representative character of the executor or administrator appointed. (Matter of Katz, supra, and cases cited therein; Bering v United States Trust Co. of N. Y., 201 App Div 35; Matter of Rowe, 197 App Div 449, affd *608 232 NY 554; Marks v Emigrant Ind. Sav. Bank, 122 App Div 661; Swanson v United States, 3 F Supp 813.) Noteworthy is EPTL 2-1.7, successor of section 80-a of the Decedent Estate Law and section 341 of the Civil Practice Act which presumes death only after a five-year unexplained and continuous disappearance and diligent search, except for proof of a clearly identifiable disaster or exposure to a specific peril of death.
It is clear that the granting of temporary administration to conserve the estate of an absentee is an insufficient adjudication of death to satisfy application of the unambiguous exclusionary statutory rule of CPLR 4519 which applies only to a deceased or lunatic. For the foregoing reasons the plaintiff is not an incompetent witness under CPLR 4519.