OPINION OF THE COURT
John D. Bennett, S.
This is the first opportunity for this court to consider in depth the application of SCPA 2225, adopted by chapter 156 of the Laws of 1975.* The statute is designed to do substantial justice and enable the court to direct an appropriate and full distribution, if possible, of intestate property of a decedent after the lapse of five years from his death when, as frequently happens, it is impossible to ascertain whether certain known or possible unknown distributees are alive and can be located. The statute will be discussed after first considering the application to this particular case.
In 1974, before the said statute was enacted, the court was presented with a dual petition on which it ultimately rendered a decision on September 10, 1976 and issued its decree after a full hearing. That petition, entitled Matter of Russo, was for: (1) settlement of the administrator’s account; and (2) to have a certain named "distributee” declared dead under EPTL 2-1.7. A hearing was held, the guardian ad litem made his report and the court considered and reviewed the evidence in its decision. The decree judicially settled the administrator’s account but declined to adjudicate then that the missing distributee had died. The court did however suggest that it might afford appropriate relief later under SCPA 2225 at the foot of the afore-mentioned decree and it accordingly retained jurisdiction for the additional proceedings now completed.
SCPA 2225 was passed and approved by the Governor after requesting and receiving recommendations of the Surrogate’s Association of the State of New York, the State Office of Court Administration, the Association of the- Bar of the City of New York, the New York County Lawyers’ Association, the Bar Association of Nassau County and the Assistant Director of the Law Revision Commission. All submitted memoranda of approvals, as did also Senator Gordon who sponsored the Senate bill.
*986 There can be no doubt that the new legislation was designed to alleviate situations such as that now presented in this estate.
Mary Russo died on August 3, 1972 leaving only one child whose whereabouts were known, a son Joseph. Her daughter Anna, who had married one Gustave H. Johanson, disappeared about 38 years ago. After giving birth to a son Gustave H. Johanson, Jr., and divorcing her husband, Anna was "heard from” on only two occasions in this period. The first was when her four-year-old son turned up at a hospital suffering from malnutrition (where he presumably had been left by his mother) and was turned over by the police to the grandparents. He is now one of the petitioners before this court. The husband met his death in World War II. The second time Anna was "heard from” was when a letter identified as written by her was received by a member of the family. This was mailed from an address in Bronx County indicating that she would like to see her family, but when members of the family went there with a friend they could not find her or anyone who could give them any information.
Anna’s disappearance was previously held by this court to have occurred under circumstances which could not give rise to a declaration of death in these proceedings under EPTL 2-1. 7 or as an "absentee” under SCPA 902 (subd 3).
The earlier proceedings, the testimony of the witnesses and proofs submitted have again been reviewed by the court especially to ascertain whether, in the first place, the court has jurisdiction to make the determination under SCPA 2225 and second, whether the court should be satisfied to make the findings authorized by the new statute.
SCPA 2225 became effective after the petitions here were originally filed (in August, 1974). Those petitions however were later amended to ask relief under SCPA 2225. The citation was issued and the order of publication of the citation was signed also before the effective date of the new statute but it is found by the court' that the citation very carefully named as respondents the missing Anna Johanson and any and all distributees, unknown or known but whose names and places of residence were unknown and could not after diligent inquiry be ascertained. Specifically included therein were all unknown distributees of Anna Johanson and all respondents were cited to show cause why Anna should not be declared dead, or be declared an absentee and also why the administra *987 tor’s account in her mother’s estate should not be judicially settled as prayed for in the petitions which requested the court to distribute Anna’s share to her son. The citation as published also showed that this was the request by petition of her brother Joseph Russo and her son, Gustave H. Johanson, Jr. The citation complied with SCPA 306 in all respects and is found now also to have complied with SCPA 2225.
It is noted that the committee report submitted by New York County Lawyers’ Association analyzed the constitutional factors involved in the operation of this legislation, citing the cases of Scott v McNeal (154 US 34) and Cunnius v Reading School Dist. (198 US 458), both of which concerned an attempted recovery of property by persons presumed dead on the theory that administration of the estate of a person not in fact dead was a taking of his property without due process. In Scott jurisdiction was not sustained because the authority to administer the estate rested on the fact of death — when that "fact” fell, jurisdiction fell with it. In Cunnius the grant of administration on the estate of a missing person was based on a statutory scheme designed specifically for absentees’ estates, requiring publication of notice and the recipients were required to post security. Jurisdiction was sustained by the Supreme Court as a valid exercise of the State’s police power.
With respect to notice requirements (examined in Mullane v Central Hanover Trust Co., 339 US 306, which cited Cunnius) the method prescribed in SCPA 2225 and followed here is deemed reasonable and due process under the circumstances.
In Blinn v Nelson (222 US 1) final distribution of an absentee’s estate was upheld after a lapse of 14 years after he was last heard of. SCPA 2225 fixes a period of five years after the death of the ancestor. The consensus of opinion among those who sponsored this legislation, as stated by Senator Gordon in his memorandum accompanying the bill, was that "five years is a sufficient period for both the investigation to locate distributees and also for distributees of a decedent to come forward after his death”. It is also to be emphasized that distribution is not automatic and the court must be satisfied that diligent (exhaustive) efforts have been made to locate the missing distributee(s). The prime purpose of the legislation is also to avoid escheat to the State and thereby prevent injustice to the decedent’s distributees.
The first question to be decided is whether the court has jurisdiction to make a determination under SCPA 2225 and *988 the second is whether, assuming jurisdiction, the evidence adduced before the court is sufficient to support appropriate findings under the tests laid down in the statute. These depend upon the language of the statute which reads as follows:
"§ 2225. Determination of distributees and distributive shares
"In any proceeding where the court is required to determine the distributees entitled to share in the estate under EPTL 4-1.1, the petition may request the court as incidental thereto to adjudge that (a) a person who might otherwise be a distributee is dead or (b) that no distributee other than those stated in the record exists. Citation shall issue to the person named and to unknown distributees of the decedent, if any.
"(a) If it is established to the satisfaction of the court that a person who would be a distributee has not been heard from for a period of at least five years since the death of the decedent, that a diligent search has been made to discover evidence that such person is still living, and that no such evidence has been found, the court may make a determination that such person is presumed dead and that he predeceased the decedent without issue.
"(b) If it appears to the satisfaction of the court that diligent and exhaustive efforts have been made from all available sources to ascertain the existence of distributees, that at least five years have elapsed since the death of the decedent, that the parties before the court know of no distributees of the decedent other than those stated in the record, and that no . claim to a share in the estate has been made by any person whose relationship has not been established in the record, the court may make a determination that no distributee or class of distributees exists other than those whose status is established in the record before the court.
"(c) Upon making the findings under subdivisions (a) or (b), the court may direct distribution of the assets to those distributees whose relationship or present existence has been established in the record before the court.”
 The proceeding here clearly comes within the purview of the first sentence; the petition requests the adjudications mentioned under both (a) and (b) and the earlier decree did not terminate the proceeding but retained jurisdiction to make these findings. Citation was properly issued to Anna Johanson and to her distributees if any existed other than her *989 son. The citation was duly served and a guardian ad litem appointed by the court represented Anna and all persons under disability, defined in SCPA 103 (subd 37) as "[a]ny person who is * * * (d) unknown or whose whereabouts are unknown”. The guardian ad litem appeared on behalf of Anna and the other possible unknowns under SCPA 402 (subd 2) and in the proceedings filed his appearance and fulfilled his duties as such under SCPA 404. Accordingly Anna Johanson and such unknown persons were properly represented and are bound by the proceedings had herein pursuant to SCPA 406.
In the reports to the Governor mentioned above there appear no clues to explain the language of the statute or to indicate why two different tests were laid down in subdivisions (a) and (b). Obviously there is a definite distinction between a diligent search to discover evidence to satisfy the court in the first category and diligent and exhaustive efforts from all available sources to ascertain the existence of distributees in the second category.
The court finds that it has full jurisdiction here. As to the ñndings it need not speculate how or when the above distinctions may play a part, for in the particular case now under consideration, the evidence is clear and satisfies this court: (1) that Anna Johanson has been "heard from” only twice in the period of more than 35 years last past, and not at all in more than five years since the death of her mother; (2) that members of the family and an investigator employed for the purpose made a diligent search to discover evidence that she is still living; and (3) no such evidence was found. Within the meaning of subdivision (a) the court can and does presume that Anna Johanson is dead and that she predeceased her mother. The evidence shows however that Gustave H. Johanson, Jr., is her son so that the words "without issue” at the end of subdivision (a) would be meaningless in this case and obviously cannot be applied.
The court is also satisfied in this particular case under subdivision (b) that diligent and also exhaustive efforts have been made from all available sources to ascertain the existence of distributees other than those established "in the record before the court”. As to such efforts the court notes that the guardian ad litem himself reported that he, too, made separate and independent, "diligent and exhaustive” efforts from "all available sources” without success. The test specified in subdivision (b) has therefore been complied with.
*990 Although it is evident that at the hearing on May 11, 1976, the "parties before the court” then knew of no distributees other than those who had been mentioned in the record, before the final decree in this proceeding will be signed the court hereby directs that counsel procure from each of the parties in this proceeding a statement under oath to be filed herein showing whether at this time they know of any distributees of the decedent, Mary Russo (or of Anna Johanson) other than those stated in the record, and also whether any claim to a share in the estate has been made by any person whose relationship has not been established in the record. If said statements are satisfactory, upon the filing thereof the court will make a determination that no distributee or class of distributees of Mary Russo exists other than petitioners Joseph Russo and Gustave H. Johanson, Jr. The decree may then direct distribution of the amount paid into court of $8,887.06, plus interest if any, to Gustave H. Johanson, Jr.
Under the circumstances here SCPA 2226 will have no application.

 See decision in Matter of Kunkel (file No. 148351, June 29, 1976 [Bennett, S.]) and Matter of Hart (file No. 143262, May 2, 1977 [Bennett, S.]).