OPINION OF THE COURT
Millard L. Midonick, S.
In this proceeding to withdraw funds on deposit with the Comptroller of the State of New York, a hearing was held before a law assistant-referee. The evidence presented failed to demonstrate that claimants, alleged first cousins of decedent, were his distributees. While the testimony of three witnesses, taken in Romania, was that decedent had only one wife who predeceased him and that he had no children, the decedent’s own statements, given when he opened two separate bank accounts, one of which was opened in 1925, were contradictory. The name of his wife was different from that given by the witnesses and he indicated a son by the name of Michael. The witnesses never knew decedent personally and derived *371 their information from relatives of decedent who remained in Romania when decedent came to the United States in 1904. Irrespective of this problem, the other evidence was insufficient to establish that claimants were distributees or the only distributees.
Counsel for claimants as well as their attorney in fact seek to correct any deficiencies in proof by using SCPA 2225. Pursuant thereto this court, in any proceeding to determine distributees, can "adjudge that (a) a person who might otherwise be a distributee is dead or (b) that no distributee other than those stated in the record exists. Citation shall issue to the person named and to unknown distributees of the decedent, if any.” Such a determination requires two elements: one, that there be a diligent search for the person or a diligent and exhaustive search for distributees; and the other, that five years have elapsed since the death of decedent.
Decedent died on July 1, 1932 and this proceeding was commenced in 1974. Based upon his date of death, one element has been met. However, SCPA 2225 was not added until 1975 and was only effective September 1, 1975 (L 1975, ch 156). Clearly, this proceeding was not and could not have been commenced in 1974 under this section. An amended petition, which does not refer to this section, was filed by counsel after the effective date. Even assuming that this amended petition made the proceeding subject to and controlled by SCPA 2225 (Matter of Russo, 91 Misc 2d 984), there are jurisdictional and evidentiary defects.
The application and amended application list the State Comptroller, Attorney-General and Public Administrator as the only interested persons. Citation was never issued to or served on a potential distributee or unknown distributees. Accordingly, the service requirements of the statute were not complied with. Counsel, nevertheless, argues that the citation issued and served in the accounting proceeding, which was commenced in February, 1937, is service by publication of citation within the meaning of the statute. For numerous reasons that argument is fallacious: the citation and publication therein were not at a time when the statute was in effect, that the accounting has been terminated, and that citation and publication were at a time when five years had not elapsed since decedent’s death. Service of citation must be in the pending proceeding (Matter of Dehn, 94 Misc 2d 260). Jurisdiction, therefore, was never achieved and even if it *372 could be assumed that it was, a guardian ad litem was not appointed to represent the interests of the known and unknown distributees, unlike the situation in Matter of Russo (supra).
With respect to the diligent searches, again counsel seeks to rely upon the fact that the Public Administrator could not find the decedent’s son or any distributee at or before the accounting. No evidence of a search was presented. Again, the time long past when the Public Administrator’s search was conducted prevents reliance upon that search now as compliance with the statute. Even if this court could accept that search, the evidence presented does not reflect what steps were taken to find the son, wife or distributees. Moreover, the duty to search during the administration and in the accounting proceeding is not as great as the requirement under this statute mandating diligent search for possible distributees. (Cf. Matter of Dehn [supra].) Consequently, the proof would be insufficient to comply with SCPA 2225.
For the foregoing reasons the application must be denied in all respects.