OPINION OF THE COURT
Bertram R. Gelfand, J.
This is a motion seeking the withdrawal of funds deposited with the Finance Administrator of the City of New York for the benefit of Daniel Wincor, a person whose whereabouts are unknown. The deposit was made pursuant to a decree entered April 27, 1979, judicially settling the account of the administratrix d. b. n. of this estate. Movant is the former wife of Daniel Wincor. Her claim to these funds is based upon a judgment she obtained against her former husband in the State of Florida, on his default. A threshold issue is presented as to whether she may seek withdrawal of said funds to satisfy the judgment by a motion pursuant to CPLR 2606 (subd 1) or whether it is necessary for her to institute a new proceeding and to serve process in such proceeding. The facts appear to present a question of first impression.
The decree directing the deposit provided that the fund should be deposited for the benefit of Daniel Wincor because he was apparently a distributee and his whereabouts were unknown. Movant contends that she is entitled to the entire sum of deposit by dint of the default judgment in the sum *392 of $49,875 for unpaid arrears of both support and maintenance for their children and alimony. This judgment entered June 18, 1980 also contains a provision directing the finance administrator to pay the sum at issue herein to the judgment creditor.
In the instant application, movant served a copy of the motion papers upon the finance administrator and the guardian ad litem who represented her former husband in the accounting proceeding. She did not serve a copy of these papers on the administratrix d. b. n.
A literal reading of CPLR 2606 leads to the conclusion that one seeking to obtain an “order for the payment of property out of court” can proceed either as provided in subdivision 1, “on motion with notice to all parties who' have appeared [in the prior proceeding] or filed a notice of claim to such property;” or pursuant to subdivision 2 by a special proceeding. It is noted that the motion is defective since notice of it was not served upon the administratrix d. b. n., who was a party who “appeared” in the accounting proceeding. However, this defect could easily be cured. The more significant issue is whether under the circumstances here present, due process and rules of fundamental fairness dictate the utilization of a new proceeding with process being served upon all interested parties in order to obtain the relief requested instead of merely instituting a motion on notice under CPLR 2606 (subd 1).
Weight must be given to the peculiar status of a person such as Daniel Wincor for whom a distribution is deposited because his whereabouts are unknown. When the fund is deposited for the named beneficiary, usually, as in this case, all that is established is that the distributee existed, that if he survived decedent he would be entitled to the fund, and that there is no evidence to establish that he predeceased decedent. In essence, the direction to deposit critically rests upon the presumption that in the absence of contrary proof a person is presumed to be alive (Jacobs v Stark, 83 Misc 2d 605, 607; Germain v Germain, 31 Misc 2d 401, 405, citing Young v Shulenberg, 165 NY 385), unless he is of such advanced age that a contrary presumption is justified (Young v Shulenberg, supra; Matter of Harris, 23 Misc *393 2d 595, 597-598). The presumptive state of facts which sustain the deposit does not preclude anyone from subsequently establishing a right to the fund by proving that the missing distributee, in fact, predeceased decedent or achieving such a goal pursuant to SCPA 2225. The mere deposit of a fund for a named missing beneficiary does not irrevocably vest the fund in him in the absence of affirmative proof that he survived decedent.
Usually, in most withdrawal applications before this court involving deposits for known persons whose whereabouts were unknown, the application is made by the person for whom the money was deposited, his heirs if he post-deceased, or other distributees or legatees of the estate if it is learned subsequent to the deposit that he had predeceased decedent. Basically, those seeking the withdrawal are parties who would take through the death of the decedent. In these situations, a motion with notice to all interested parties who appeared in the prior proceeding is reasonable and fair. All that movant must establish is his identity or relationship to the decedent or the person for whom the funds were deposited. In those situations where the claim is not by the party for whom the funds were deposited, it is only necessary to establish by a death certificate, or otherwise, that the person for whom the money was deposited is in fact dead, and their relationship to him or decedent. In essence, the relief sought is in the nature of an amendment at the foot of the accounting decree addressed to essentially the same issues as to distribution which were determined on notice to all interested parties in the accounting proceeding.
However, if the party applying for the withdrawal is seeking a determination that the person for whom the money was deposited should be presumed dead because he has not been heard from for a period of at least five years, the petitioner may not move at the foot of the decree, but instead must institute a new proceeding and serve a citation upon the person he is seeking to declare dead (SCPA 2225; Matter of Prunder, 95 Misc 2d 370; Matter of Dehn, 94 Misc 2d 260; Matter of O’Brien, NYLJ, Nov. 20, 1978, p 14, col 6). The rationale for following this procedure in an SCPA 2225 proceeding is that the relief sought is es *394 sentially adverse to the interest of the person for whom the money was originally deposited. It should be noted that the enactment of SCPA 2225 in 1975 significantly strengthened the potential interest of the other distributees of this estate in the fund on deposit for Daniel Wincor.
The instant application is analogous to an SCPA 2225 proceeding. The claim at bar is clearly adverse to both the movant’s former husband and the other distributees of this estate. Consideration must be given to the fact that the court’s file indicates decedent died September 1,1977. There is nothing that was ever presented that indicates whether Daniel Wincor was alive or dead when decedent died. One can foresee many issues if this matter is litigated. Two of these issues which can significantly affect movant’s right to the fund are whether movant’s former husband in fact survived the decedent of this estate and whether the Florida judgment upon which movant relies is entitled to full faith and credit. It appears that movant did not know the whereabouts of her former husband when the Florida proceeding was instituted and it is not evident from the papers in what manner, if any, he was served with process in that proceeding. These issues and the entire application cannot be deemed as merely incidental relief at the foot of the accounting decree. Instead, they are more akin to requesting totally different relief which mandates a new proceeding and process as is the case in an SCPA 2225 proceeding. Clearly, although the Florida judgment contains decretal language addressed to the New York City Finance Director, this direction is a nullity as to him since he was never a party to the Florida proceeding.
Accordingly, under these facts, CPLR 2606 is construed as leaving it to the discretion of the court whether the application is to be made by motion or a special proceeding. Implicit in the Legislature having provided for the same relief by motion or proceeding is the duty of the court to mandate a proceeding where one is appropriate. If the court did not have this authority then clearly, every claimant would select the less onerous procedure in CPLR 2606 (subd 1) rather than commencing a proceeding pursuant to CPLR 2606 (subd 2). To conclude that the statute confers on movant a right to proceed by motion would deny *395 fundamental due process to parties who may be adversely affected by the motion which presents issues involving them and on which they will not have the opportunity to be heard on a motion. Basically, a claim that does not flow from a right to inherit that is asserted against a deposited fund that has not indefensibly vested in the person for whose benefit it is deposited must be prosecuted by a proceeding rather than a motion. For all of the reasons set forth above, the court determines that due process dictates that this new relief sought by the former wife may only be obtained by instituting a proceeding and serving process on all interested parties, including Daniel Wincor. It will not be necessary to serve process upon the guardian ad litem for Daniel Wincor in the contested accounting proceeding. If the former husband does not appear in the new proceeding and a guardian ad litem has to be appointed for him in that proceeding, the court must appoint one in that proceeding.
If movant desires, an order may be submitted on the determinations hereinabove set forth.