OPINION OF THE COURT
Edwin R. Oberwager, S.
On March 12,1976 this court granted an order judicially settling the accounts of the coadministrators of the estate of Lavinia Gannon and directed that the share of the Lavinia Gannon estate belonging to Walter Karas be held by the Columbia County Treasurer because the whereabouts of said Karas was unknown. Subsequently the Columbia County Treasurer paid to the State Comptroller on April 26, 1976 the sum of $8,590.09 as abandoned property, such sum representing Karas’ share of the estate.
The petitioners seek an order pursuant to SCPA 2225 (subd [a]) adjudging that Walter Karas, who might otherwise be a distributee predeceased Lavinia Gannon, without issue. The petitioners have submitted sufficient proof to obtain such an order. The State Comptroller’s position is that the provisions of SCPA 2225 (subd [a]) may not be invoked since that section specifically provides that this kind of a petition must be “incidental”, as provided by the statute, to a proceeding to determine the distributees entitled to share in the estate under EPTL 4-1.1.
In Matter of Daskew (105 Misc 2d 391) the court held that the presumption that the named person survived the *329 decedent, which sustains the deposit with the State Comptroller, does not preclude anyone from subsequently establishing a right to the fund by proving that the missing distributee, in fact predeceased the decedent by resorting to SCPA 2225. In the case at bar the position advanced by the State Comptroller places an unreasonably narrow interpretation on the word “incidental” which would bar the granting of the within petition without any prejudice being shown. Such a result should be avoided.
Accordingly this court holds that the provisions of SCPA 2225 have been properly invoked to establish that Walter Karas predeceased Lavinia Gannon and left no issue and that the proof submitted is sufficient to establish this fact. Therefore this court will sign a decree that Walter Karas is presumed dead and that he predeceased the decedent without issue. Furthermore the decree shall provide that the State Comptroller and the New York State Department of Audit and Control shall pay the amount on deposit for the benefit of Walter Karas to the petitioners herein for distribution by them to the petitioners.